The opinion of the Court was delivered to the following effect, by
Parsons, C. J.
The action is debt on a judgment. The defendant has pleaded two pleas.
His first plea is nul tiel record of the judgment, on which issue is joined to the Court. On inspecting an attested copy of the record, we are satisfied that there is such a record. We never direct the record of the Court of Common Pleas to be sent us on the trial of an issue of nul tiel record, but receive copies of their records, attested by the clerk, in evidence, which, by immemorial usage, is held to be evidence of the record. Indeed, upon a writ of error or certiorari, nothing but the tenor of the record is sent up; which is only a copy attested by the clerk.
[ * 403 ] * The second plea is, that the judgment has been satisfied by the extent of an execution issued upon it upon the lands of the defendant. The plaintiff replies that there is no lecord of the return of any such extent. To this replication there *353 is a demurrer and joinder; and we are to decide on the sufficiency of the replication.
Mellen for the plaintiff.
Potter for the defendant
When goods sufficient to satisfy the judgment are seized on a fieri facias, the debtor is discharged, even if the sheriff waste the goods, or misapply the money arising from the sale, or does not return his execution. For by a lawful seizure the debtor has lost his property in the goods. But the law is different in the case of an extent on lands.
By our statute, we have but one form of an execution, which includes a copias ad satisfaciendum, a levari facias as to the money of the debtor, and an extendi facias as to his lands. But the lands of the debtor cannot be taken unless by the acceptance of the creditor, to whom seisin must be delivered by the sheriff; and until this delivery of seisin, the title of the debtor is not affected. The creditor’s title is by matter of record; and unless he can show it by a record, the debtor will hold the land. The sheriff must therefore return the extent and the delivery of seisin; which return, when made, is a record of the court, and as such can be pleaded. If there be no record of any such return, the creditor has no legal title to the land, which remains the property of the debtor, and the judgment is unsatisfied.
To prevent frauds against others, the statute 1783, c. 57, directs the execution and return to be entered on the records of the county in three months after the extent. When, therefore, a debtor pleads satisfaction of a judgment by the extent of the execution on his lands, he must plead that the extent was legally made, seisin delivered, and a return of the execution and extent, which is a matter of record. For the lands remain the debtor’s, unless the creditor has a good title to them by matter of record.
For these reasons, the replication is good which alleges that the plaintiff has no title to, the lands by any record of the return, which is confessed by the demurrer.