## Chandler *vs.* Furbish.

A judgment debtor is not discharged by the seizure of land in execution, as he
would be by the seizure of his goods; because the title to the land is not chang-
ed but by a return of the officer, showing a compliance with the requisites of law
and made matter of record, as the statutes require.

Therefore where, on an execution against a principal debtor and his two sureties,
a right in equity of redemption belonging to one surety was seized, and sold to
the other, by the sheriff; but no deed was given, nor any return made of the
sale; and afterwards, the purchaser, abandoning the purchase, paid the execu-
tion, and sued his co-surety for contribution;—it was held that such sale, being
no discharge of the debtor, nor affecting the title to the land, constituted no bar
to the action.

This was *assumpsit* for money paid; and came up by excep-
tions taken by the defendant to the opinion of *Whitman C. J.* in
the court below.

The plaintiff and defendant, with others, were sureties to the
sheriff of this county, on a bond given by his deputy; on which
judgment was afterwards recovered for the deputy's default.    Exe-
cution was issued *Aug.* 27, 1829, and partially satisfied by levy on
the goods of the principal debtor.    On the 18th of *September* the
officer seized two equities of redemption, one belonging to the dep-
uty, and the other to the defendant, which were duly advertised for
sale.    On the following day the plaintiff placed in the hands of the
officer two promissory notes, as collateral security for the balance
due, taking his recept therefor, under an express agreement that

the execution was not thereby discharged, but might be collected under the direction of the plaintiff. On the 23d of *October*, the two rights in equity were put up for sale by the officer, and struck off to the plaintiff, he being the highest bidder, for a sum exceeding the balance of the execution. But no deed was given, nor was any return of the sale or seizure made by the officer; and afterwards, the notes deposited in his hands being collected by him, the execution was satisfied out of that fund. Whereupon the plaintiff brought this action against his co-surety, for contribution.

It was contended by the defendant that the execution was satisfied by the seizure and sale of the rights in equity; and that therefore the subsequent payment, by the plaintiff, was voluntary and officious. But the Judge ruled otherwise; to which the defendant filed exceptions.

*Otis*, for the defendant, argued that the plaintiff might still compel the officer to perfect the sale, by executing a deed and making a return of his doings; and that it was his duty to have resorted to all legal means for this purpose, before paying the judgment in any other mode. Neglecting so to do, he had precluded the defendant from all benefit of the sale of the equity belonging to the principal debtor; which was an act of bad faith, and ought to bar him of this action. 8 *Mass.* 226; *Ladd v. Blunt*, 4 *Mass.* 402; 1 *Lev.* 282; 6 *Mod.* 209; *Dyer*, 363; *Cro. Jac.* 246; 1 *Salk.* 322; *Cro. El.* 227; 2 *Ld. Raym.* 1072.

*D. Williams*, on the other side, was stopped by the Court, whose opinion was afterwards delivered by

Weston J. A judgment and execution, for which the defendant was jointly liable with the plaintiff, has been paid and discharged at the expense, and with the funds of the plaintiff. He thus makes out a case for contribution; unless the defendant can show some just cause why he should be excused therefrom. He relies upon the seizure and sale of the equities; one of which was sold as his property. But those sales were not perfected. The officer made no return of his doings. The title therefore to the equities remains

unaffected, by any thing done under the execution. The defendant paid nothing, and has lost nothing. The only competent evidence of the seizure and sale, is the officer's return.

In *Ladd v. Blunt*, 4 *Mass.* 402, *Parsons C. J.* distinguishes between a seizure of goods on execution, and an extent upon land. By the former the debtor is discharged, although the sheriff misapply or waste the goods, or does not return the execution. It is otherwise when land is taken. The title is not changed; unless what the statute requires to produce this effect, appears of record. If it does not, the land remains the property of the debtor, and the judgment is unsatisfied. There the fee or freehold was in question. But the same principle applies to an equity of redemption. That is an interest in real estate; and the seizure and sale must appear of record, to affect the title. No question of fraud or collusion, from the facts set forth in the exceptions, is raised here; that having been disposed of, as it is suggested, in the Common Pleas. The exceptions are overruled, and the judgment affirmed.