The following opinions were delivered:
*By the Chancellor.
Recitals in a deed'which do not constitute an essential part of the conveyance, are certainly not conclusive evidence against a third person of the facts recited; neither is a recital of the power or authority of the grantor, for the making of the conveyance in ordinary cases, even presumptive evidence of the existence of such power. Thus, to sustain a conveyance executed by an attorney under a power, by an executor under a will, or by a sheriff under an execution, the power of attorney, the will or the execution should be produced as the best evidence of the power to sell. But when the deed upon its face purports to be made in pursuance of, or in the execution of a particular power, and the existence of such power is established, it would be a direct contradiction of a substantial part of the deed itself to permit a party, claiming in opposition to that deed, to prove by parol evidence that such deed was not made by virtue of that power, but under some other which would give to the grantee a different interest. If, indeed, a mistake has occurred, by reason of which the conveyance has been made under a different power from that which was intended by the parties thereto, as if a sheriff having two executions in his hands sells under one of them only, and by mistake conveys under the other, or under both, the person injured thereby is not without remedy, except in a case where the premises have been subsequently con *427 veyed to a bona fide purchaser who had no notice of the mistake. The remedy of the person injured, however, is by an application to the proper tribunal to set aside the conveyance or to have the mistake corrected. But the fact of such mistake cannot be inquired into in a collateral way. The statute, under which this sale took place, 1 R. L. of 1813, p. 505, required the sale to be at public vendue, and that certain other requisites as to notice, &c. should be complied with, and the sheriff was made liable to a heavy penalty for selling lands upon execution otherwise than in the manner prescribed by that act; but that statute" expressly provided that no such offence by the sheriff should be #deemed to affect the validity of the sale. It was sufficient, therefore, for the defendant in this case, when he purchased of Hill in December, 1819, to examine the conveyance from the sheriff, which showed that the premises in question were sold under the Malcolm execution as well as under that upon the subsequent judgment; and to satisfy himself from the judgment record, and from the execution and endorsements thereon, showing it was in the sheriff’s hands at the time of the sale, that the sheriff had the power to sell the premises under the Malcolm judgment. See 7 Monroe’s R.619.
The part of the deed in question, which by the plaintiffs’ counsel is supposed to be a mere recital, is not so in fact; it is an essential part of the deed itself, as the granting part of the deed refers to the executions mentioned in the reciting part as “ the said writs of fieri facias,” by virtue of which the sale and conveyance is made. If this part of the deed,,, which refers to the executions previously recited, is rejected, the property is hot conveyed under any execution, and the deed will be inoperative and void. A sale under an execution is essential to the transfer of the property, and after the execution is proved to have been in the hands of the sheriff, so as to authorize the giving of the deed, his conveyance is the legal evidence, under the statute of frauds, of a sale under that execution. In the case of Snyder’s lessee v. Snyder, 6 Binn. R. 489, where administrators had sold at auction and conveyed certain lands of the intestate, under an authority derived from the orphans’ court, the supreme court of Pennsylvania decided that parol evidence was inadmissible, to contradict the statement in the administrators’ deed, by showing that a part of the premises mentioned in that deed was excepted by them at the time of the sale. A similar decision was made by the supreme court of this state in the case of Jackson v. Croy, 12 Johns. R. 427, referred to in the opinion of the court below; in which case parol evidence was offered to show that part of the premises conveyed by the sheriff’s deed was excepted by him at the time of the sale. These cases are analogous in principle to the present; as the sale and conveyance under a judgment and execution, which is a legal lien upon the premises, and which alone can give a good title, is as *essential to the purchaser as that he should have the whole of the premises stated in the sheriff’s deed to have been sold under such judgment and execution. The case of Jackson v. Vanderheyden, 17 Johns. R. 167, also shows that the principle recognized in Jackson v. Croy is properly applied to the case now under consideration.
The cases of Jackson v. Pratt, 10 Johns. R. 392, and Jackson v. Streeter, 5 Cowen, 529, upon examination, will not be found to conflict with this principle. There is a material distinction between the introduction of parol testimony to contradict a deed, or other written instrument, and the giving of similar testimomy to explain a latent ambiguity. If there were in fact two executions in the hands of the sheriff, and he should execute a conveyance stating a sale under one of those executions only, such execution being particu *429 larly described in the deed, it would be improper to introduce parol testimony for the purpose of showing that he actually sold under the other execution, and not upon that mentioned in the conveyance under which the grant purported to be made. The cases referred to were both cases of latent ambiguity, arising from facts beyond the deeds. There were no executions in the hands of the sheriff answering, in every particular, the description of those mentioned in the deeds; but as there was sufficient in the deeds to identify the executions under which the sales were made, after rejecting the particulars in which the descriptions thereof were false or mistaken, the conveyances were held good. The same principle is constantly applied to the description of the premises intended to be conveyed by the deed, in which, if there are particulars sufficiently ascertained to designate the premises intended to be granted, a false or mistaken description as to circumstances not necessary to be stated, will not invalidate the conveyance. See Jackson v. Clark, 7 Johns. R. 218. Jackson v. Ransom, 18 id. 107. Wilkinson v. Malin, 2 Tyrw. R. 544. I think, therefore, the circuit judge was right in this case in rejecting the evidence which was offered to contradict the sheriff’s deed.
The objection that the premises in question were not sold under the Malcolm execution, because that execution had been previously satisfied by the sale of the two lots first described *in the sheriff’s deed, is next to be considered. If a sheriff has several executions in his hands, upon judgments docketed at different times, and has raised money enough to satisfy the oldest judgment, it is unquestionably his duty to proceed and sell the residue of the lands upon the executions issued upon the junior judgments only, so as not to interfere with the rights of those whose property is not affected by the lien of the junior judgments ; and if the sheriff violates his duty in this respect, he may be made personally responsible to those who are aggrieved by such an illegal and improper proceeding. Stead v. Gascoigne, 8 Taunt. 527. So also, upon an application to the proper tribunal, the sale may be set aside for irregularity. If it appeared upon the face of the sheriff’s deed in this case, that the premises were sold on the senior execution, after that execution with the interest and sheriff’s fees thereon, had been fully paid by the sale of the other property on which it had a priority of lien, I am inclined to think the conveyance, so far as it purported to have been made under that execution, would be unauthorized and void. But the order in which the several parcels of land are described in the sheriff’s deed, is not evidence that they were actually sold in that order by the sheriff. This part of the deed, therefore, does not show that the lien of the first execution was satisfied before the sale of the premises in question, so as to render void that part of the deed by which it appears that they are sold and conveyed under the several executions. And I do not understand from this bill of exceptions that any evidence was offered, or proposed to be gone into, at the trial, to establish the fact dehors the deed, that the Malcolm execution had been in fact satisfied by the sale of other property on which it had a priority of lien, previous to the sale of the premises in question. The exception seems to have been founded upon what appeared upon the face of the deed itself; and that I think was not sufficient to sustain the objection.
To authorize a court of error to reverse a judgment, on account of any supposed erroneous decision of the court below, in the rejection of testimony, it must be shown that the fact intended to be established by such evidence, was material to the decision of the case then under consideration before the *court; and the party excepting to such decision must, in his bill of exceptions, state sufficient, when taken in connection with the pleadings *430 in the cause, to show the relevancy, or materiality, of the alleged erroneous decision to the case under consideration at the time such decision was made. Turner v. Fendall, 1 Cranch, 132. Harrison v. Baker, 1 J. J. Marsh. R. 318. I have examined these questions, however, as if it appeared in the bill of exceptions that the defendant’s title under the junior judgment would not have been of equal validity, against the title set up by the plaintiff, with a conveyance under the Malcolm judgment. But as all the judgment creditors, as well as the complainants in the chancery suit, were endeavoring to collect their debts out of the premises which had been fraudulently conveyed by their debtor, and as the judgment of Hill and Stebbins was recovered before the complainants had obtained any legal lien upon the property by a decree of the court of chancery, I cannot see why a conveyance under that judgment was not entitled to a legal preference over the master’s deed, under the decree which was subsequently obtained. If the complainant had obtained a judgment or decree which was a lien upon the premises in controversy, before the docketing of the judgment of Hill and Stebbins, the payment of which they were endeavoring to obtain by their proceedings in the chancery suit, that fact should have appeared in the bill of exceptions, so that this court could see the materiality of the facts attempted to be established by the testimony which was rejected by the judge. In this view of the case, if I had come to a different conclusion upon the points raised at the circuit, I do not see how I could have been justified in voting for a reversal of this judgment, although the counsel for the defendant in error did not urge this objection.
I think there is no error in the judgment of the supreme court, and that it should be affirmed.
By Senator Edmonds. On the argument of this case, it was suggested whether the bill of exceptions was not fatally defective, in not setting out the title of the lessors of the plaintiff, or so much of the evidence of that title as would show the materiality of the testimony excluded by the circuit judge at *nisi prius. A bill of exceptions intends to set out no more of the case than is sufficient to bring before the court the precise points in controversy. The object of a bill of exceptions is not to draw the whole matter into examination, but only the points to which it was taken, and the party excepting must lay his finger on those points, which arise either in admitting or denying evidence, or matter of law arising from a fact not denied, in which either party was overruled by the court. This was the language of the supreme court in Van Gorden v. Jackson, 5 Johns. R. 467, and in Jackson, ex dem. Saunders, v. Cadwell, 1 Cowen’s R. 622, and of this court in Freer v. Jackson, 8 Johns. R. 507; and the supreme court have gone so far as to reverse a judgment, because an incompetent witness had been sworn, although the same facts had been proved by two other witnesses. Marquand v. Webb, 16 Johns. R. 89. In this view of the end and aim of a bill of exceptions, it seems to me that the supreme court were right in saying that the defendant cannot now take advantage of this apparent defect of proof. There is no exception which required that the title of the plaintiff’s lessor should be fully set forth in the bill, and consequently it was unnecessary to set it forth. It appears to me that enough was disclosed to show the nature of the exceptions taken.
The first exception was to the decision, excluding the evidence that the sheriff’s sale was on Hill's judgment only. Now, in regard to this exception, it appears on the bill that there were at least two judgments ; that the sheriff pretended to sell on those two and another; that if he did sell on all, then the purchaser’s title, derived under his sale, overreached the claim of the plaintiff; *432 but that if he sold under Hill’s judgment only, then the plaintiff’s claim was older than any title acquired under that judgment, and consequently better than the defendant’s claim. Here is surely enough to show the material character of the testimony offered and excluded. The second exception was to the charge of the judge, that the sale of all the parcels was under all the executions, notwithstanding the two first parcels sold for more than enough to satisfy the oldest execution, and that the defendant deriving title under that sale, was entitled to the verdict. *The same remarks apply to this exception; and the bill shows that the defence rested mainly on the sheriff’s deed, and that the material question in the case was, whether that deed, in its operation, related back to a period anterior to that at which the plaintiff acquired his title. It seems to me, then, that the bill of exceptions, so far from being liable to the objection that it does not show the pertinency of the decisions made by the circuit judge to the points in issue, has fully shown that, and with great propriety has been confined to the points raised on the trial, and to the testimony necessary to the elucidation of those points. And were it otherwise : were this court now called upon to infer from the record, whether the plaintiff had or had not made out his title, and shown the relevancy of the testimony he offered, I would much prefer to assume, with the supreme court, that the plaintiff did show a title which entitled him to recover but for the defence interposed ; because it is fair to presume, that in a suit contested as this seems to have been, the defendant would never have rested his defence on the doubtful points now in agitation, and neglect the strong ground furnished him by the entire want of title in his adversary, and because a contrary course on our part might tend rather to increase and protract litigation, than to administer justice to the parties.
This preliminary question being disposed of, we are next to inquire whether the judge erred in excluding the testimony offered, that the sheriff’s sale was made in fact upon the Hill execution only, although the advertisement was upon both executions, and notwithstanding the sheriff’s deed had recited a sale upon the three executions ; or, in other words, whether the recital in that deed, that the sale had taken place upon three executions, was conclusive as to a person not a party thereto, nor claiming under it. It is contended that it has for some time been the settled doctrine of the supreme court that the recitals in a sheriff’s deed of the power under which he acts cannot be contradicted by parol. The first case to which we are referred is Jackson v. Crop, 12 Johns. R. 427. In that case the evidence was offered to show that a certain piece of land included in the deed was not sold by the sheriff. No part of that case related to the power under which the *sheriff acted, nor to the manner in which it had been executed, but to the property on which it had been exercised. The case passed upon the granting part of the deed, and not upon its recitals; it was not a decision upon the point now before this court, and furnished no authority for the next case, although the supreme court seem to have supposed so. The next case on which the supreme court rest their decision is Jackson v. Vanderheyden, 17 Johns. R. 167. In this case testimony was offered to show that the execution on which the sale had taken place had been withdrawn, and the levy abandoned. This was decided to be improper evidence, upon the strength of the case of Jackson v. Croy. Jackson v. Steenbergh, 20 Johns. R. 49, is to the same point, but is based upon the decision in 17 Johns. R, This case was analogous in its facts to that now before the court. The case of Jackson v. Vanderheyden was evidently decided without much examination on the part of the court, and without adverting to the distinction taken in this case between the reciting and *434 granting part of a deed, or between the power to sue and the fact of selling, and without adverting to the fact that Jackson v. Croy, was entirely confined to the granting part of the deed, which has ever been held to speak for itself, without the possibility of being contradicted by parol. There are, however, some cases in which the decision of the supreme court does not, in my view, agree with the principle established in Jackson v. Vanderheyden. Thus it has been held that a collector’s deed was not evidence of one of the prerequisites to his authority to sell, but it must be proved aliunde, Jackson v. Shephard, 7 Cowen, 90; that the comptroller’s deed is not conclusive evidence of default in the payment of taxes, but that such payment, may be proved in contradiction to the deed, and to defeat its operation, Jackson v. Morse, 18 Johns. R. 441; and in Jackson v. Cadwell, 1 Cowen, 622, it was ruled that a sheriff’s sale might, as against some persons, be defeated by proof that the execution had been satisfied before the sale. These three cases, in effect, decide that a recital of the power to sell is not conclusive, but is open to proof. The last case gives us full and correct notions of a sheriffs sale. It says, the purchaser bids at his peril; the maxim caveat emptor applies; the sale is not judicial. *To make a sale, properly speaking, judicial, the judgment must itself contain an order for the sale, like a decree in chancery, for a sale of mortgaged premises, or an order of sale on the partition of lands. In such a case the whole matter is res judicata; yet, even in these cases, a sale would not be conclusive against one who was not a party to the proceeding. A sheriff’s sale is a mere ministerial act. It seems to me difficult to reconcile these conflicting decisions, and in choosing between them we are to be governed alike by principles of justice and good sense, and by the authority of decided cases.
Against the sheriff, the recital is doubtless sufficient evidence of any fact which he may please thus solemnly to admit, but the plaintiff is a third person ; neither a party to the deed, nor claiming under it, but adverse to it; and we may well inquire whether a sheriff has power to make evidence in favor of his own acts against the rights of others, which shall be conclusive against these rights ? If it is evidence against a stranger, of what is it evidence 1 Of all the facts necessary to make out the grantee’s title, or of part only ? If the former, it must be evidence of the judgment and the execution, and of the debtor’s title to the premises—yet it is well settled that it is not evidence of these things, but they must be proved aliunde. The sheriff sets forth in his deed that he sold, by virtue of an execution, the property of the defendant in that suit. If his dictum, is conclusive evidence of this, I can conceive no safeguard against sales on pretended or forged executions, nor against the sale of one man’s property upon executions against another. The protection of property against rapacity and fraud, would, in such a case, be slight indeed. To afford this very protection, the rule of law was established that the existence of the execution and the judgment on which it rests, and the debtor’s title, as to every body but him, are matters to be proved affirmatively by the claimant under a sheriff’s deed, by evidence out of the deed. Jackson v. Town, 4 Cowen, 601. Starkie’s Ev. part 4, page 1357, and note 4. And if he must prove these things, I cannot perceive any good reason why they may not, by the same rule, be disproved. I am aware that it may be said that if I am right in my conclusions, it will render all titles derived under judicial sales doubtful, but it *appears to me that the contrary doctrine would render all titles doubtful, except those thus derived. In one case proper care would protect the purchaser, but in the other, it might be difficult to find protection against a forgery, which, by the rule of law was to be conclusive in its operation upon the injured person.
*435 If the deed is to be evidence only of part of the necessary facts, is it of those which show the regularity of the sheriff’s proceedings, or of those which disclose his authority to sell 1 Of the former, it may be that the deed is evidence, but this rests not upon the principles on which the supreme court have based their decisions in this case, but upon the statute which declares that the want of this regularity shall not affect the validity of the sale. 1 R. L. of 1813, 505, § 13. Were it not for this statute, a mere deviation from the form in which a sale is to be conducted by the sheriff, would probably render the sale void. 1 Cowen, 629. 4 Cranch, 403. 4 Wheat. 77.
Is the deed to be evidence of the power to sell 1 It must be borne in mind that this is a naked power in the sheriff, not coupled with an interest; and the law in such cases requires that every prerequisite to the exercise of that power must precede its exercise. Jackson v. Shephard, 7 Cowen, 90. It is so in regard to a collector’s deed for taxes. If he must recite any thing in his deed, it must be those prerequisites which give him authority to sell; yet it has been held, and I think very properly, that the recitals in such a deed are not evidence of the existence of such prerequisites. In Jackson v. Shephard, the plaintiff claimed under a deed from the collector of the IT. S. revenue. The law imposing the tax, required that it should be demanded once at the dwelling house of the person taxed before his real estate should be sold; there was no evidence of such demand, except the recitals in the collector’s deed, and judgment was for this cause given for the defendant. Williams v. Peyton’s lessee, 4 Wheat. R. 77, is a decision of the supreme court of the United States to the same effect, and that court says, that it is a general principle that the party who sets up a title must furnish the evidence necessary to support it. If the validity of the deed depends on an act in pais, the party claiming under the deed is as much *hound to prove the performance of the act as he would be bound to prove any matter of record on which its validity might depend. Consequently the deed could not prove itself, or the facts it might recite, as part of his title, any more than a recital that he who executed a deed as the attorney of the grantor, had been actually appointed such attorney. The same rule has been applied to the comptroller’s deed on tax sales. The statute of 1813 made such a deed conclusive evidence that the sale was regular, according to the provisions of the act; and the deed was to vest the fee simple absolutely in the purchaser. One of the prerequisites of such a sale and conveyance, and necessary to its validity, was a default in the payment of the taxes. If the counsel for the defendant is right in the case before us, it would be supposed that a comptroller’s deed, under such circumstances, would be conclusive evidence of his authority to sell. Yet the supreme court, in Jackson v. Morse, 18 Johns. R. 441, permitted proof to be given of the previous payment of the taxes, and such proof to destroy the title of the purchaser. Stead’s Executors v. Course, 4 Cranch, 403, establishes the same principles. There it was decided that it was incumbent on the vendee to prove the authority to sell. And the court observe, “ it would be going too far to say that a collector selling land with or without authority, could, by his conveyance, transfer the title of the rightful proprietor.”
A sale by a sheriff is analogous to a sale by a collector of revenue or by the comptroller, and I have not discovered any reason why the same principles should not govern them both. On the other hand, it strikes me that the reasoning of the defendant would apply with as strong force to a sale by those fiscal officers as to a sale by a sheriff. I deem it necessary for a sheriff, in his deed, to set out the fact that he sold by some authority, and its character. That the sheriff has done in this case. After reciting the executions, the deed pro *437 ceeds, “ Now know ye, that I, John Mattison, &c., by virtue of said writs of fierifacias, &c., and by virtue of the statute, &c.” This is the statement of his authority to sell. Is it incumbent on the vendee to prove that authority 1 It is the exercise of a- naked authority, uncoupled with any interest; it *must be strictly pursued and strictly proved; it rests in pais and is a necessary prerequisite to the validity of the deed, and must therefore be proved. If necessary to be proved by testimony out of the deed, it may surely be disproved, and we may well ask if it would not be going too far to say that a sheriff, selling land with or without authority, could by his conveyance transfer the title of the rightful owner, and that in such manner as by the sheriff’s own act entirely to preclude the injured owner from proving that no authority whatever existed for depriving him of his property.
If the recital is a portion of that part of the deed which states the sheriff’s authority to sell, then, according to the view I have taken of it, it may be explained or contradicted without the violation of any sound legal principle ; if it is not such portion, it will be well for us to inquire whether it is a material part of the deed, and whether it is binding upon any one not a party to, or claiming under it. In 4 Comyn’s Digest, title Fait, E. 1, it is said that a recital is not an essential part of a deed, for it may explain the intent or may be repugnant to it. 3 Chan. Cas. 101. In Jackson v. Pratt, 10 Johns. R. 381, it was held that a recital in a sheriff’s deed was not a necessary part of the deed, and a variance between the amount of the execution and that stated in the recital would not be material, nor affect the validity of a deed, so long as there was existing a sufficient power to warrant the sale ; and the same principle prevails in Shelly v. Wright, Willes, 12, Huntington v. Havens, 5 Johns. Ch. R. 27, Jackson v. Davis, 18 Johns. R. 7, and Jackson v. Streeter, 5 Cowen, 529. The operation of a recital, as I understand it, is by way of estoppel, not as conclusive evidence of a fact. The" grantor is considered as having acknowledged, under seal and in writing, the existence of the matters which he recites, and he is estopped from denying so solemn an admission. Hence it can be evidence only against himself, and against those who affirm and sanction his admission by claiming under the deed which contains it; it cannot of course be evidence against strangers, and least of all against those whose claim is adverse. 2 Co. Litt. 352, a. Ford v. Ld. Grey, 6 Mod. 45. 4 Cruise’s Dig. tit. 32, ch. 13, § 7. 1 Phil. Ev. 356, and note 3. 2 Starkie’s *Ev. 30, pt. 4. Penrose v. Griffith, 4 Binney, 281. Carver v. Jackson, 4 Peters, 88. I have then arrived at this conclusion upon the first exception ; that it would be highly dangerous to the rights of property to permit the recital in a sheriff’s deed to be conclusive evidence against all the world of the facts contained in it; that such a recital is an admission of the parties to the instrument, and, as such, binding only on those parties and others claiming under it; that the recital is a necessary part of the deed only so far as it is a statement of the authority under which the sheriff acted in selling; that that authority is matter resting inpais, and that whether he did or did not sell under an execution is matter to be proved by evidence out of the deed, and may be disproved by such evidence ; and that therefore the circuit judge erred in the matter of the first exception.
I do not understand the second exception in the same manner that the supreme court seem to have done. They seem to suppose that they are called upon to say, among other things, that the two first pieces of land mentioned in the sheriff’s deed were first sold, and they conceive that the evidence does not authorize it. In this, I apprehend, they have mistaken the point presented by this exception. The circuit judge, in his charge, assumes that as a settled *439 point, and he rules that notwithstanding the two first parcels sold for more than enough to satisfy the oldest execution, yet the sale of all the parcels was on all the executions; and this, I conceive, is the point we are called upon distinctly to determine—whether the oldest execution so continued in force, after enough had been raised to satisfy it, as to justify the officer in selling more property ? If the sheriff had had only one execution in his hands, there could have been no doubt that it was satisfied the instant he had raised enough to pay it. Could he, after he had sold enough to satisfy the execution, still go on and sell more of the defendant’s property ? Surely not. Why, then, can it be said that he has the power in this case ? The first execution was as much dead, and the sheriff as much functus officio in regard to it, when the two first lots were sold for enough to pay it, as if it had been the only execution in his hands. If the first execution had been satisfied by a sale of personal ^property, or had been paid by the defendant or been withdrawn by the
plaintiff, the sheriff could not have sold any other property under it, real or personal. Suppose that on the first execution the two first lots had sold for enough to satisfy it, and the debtor had then paid up the other executions— could the sheriff have continued his sale 1 Yet, I apprehend, we must say so, if we sustain the decision of the circuit judge; and, in the event, the direction of the execution ought to be, to sell all a man has, rather than enough to satisfy the claim of legal process. Nay, we must go still farther, and approve the case put by the plaintiff’s counsel: Where A. owns two farms worth $2000, and a judgment of $100 is recovered against him, and he then aliens one of the farms, and then another judgment is obtained against him, and both farms are advertised on both executions, and the farm unaliened is first sold for more than enough to pay the first judgment, that then the other farm can be sold on the same executions, and the purchaser’s title to the aliened farm be defeated. And we must also say that the creditor, in two judgments against the same debtor, has it in his power to defeat an intermediate judgment, although he is obliged to sell by parcels, and the first parcel shall produce enough to pay his oldest judgment. In fine, we must say that an execution, although it has performed its office by extracting full satisfaction from a portion of the debtor’s property, is yet sufficiently alive and vigorous to deprive him of the residue, and transfer the title from him to another. This cannot be the law, yet I can discover no escape from this result, if we sustain the decision of the judge at nisi prisi. This seems to me to be the good sense of the case, and I am further sustained in the view that I have taken, by the following cases: Hoyt v. Hudson, 12 Johns. R. 207; Clark v. Withers, 2. Ld. Raym. 1072; Ladd v. Blunt, 4 Mass. R. 402; Cro. Eliz. 209, 237.
I am accordingly of opinion that the judgment of the supreme court ought to be reversed.
*By Senator Seward. The case presents two exceptions, both of which were overruled by the supreme court. The latter appears to me the most important.
The supreme court err, I think, in saying there is not sufficient in the case to show that the two pieces of land first mentioned in the sheriff’s deed were first sold. It appears in the case that the counsel for the plaintiff insisted that “ the several parcels of land having been sold separately, and the two parcels first sold having raised a sum of money more than sufficient to satisfy the oldest judgment and execution, they were in law satisfied and extinguished, and the sale of the third and fourth parcels was only by virtue of the junior execution which remained unsatisfied ; but his honor, the circuit judge, decided that the sale of all the parcels of land must be deemed to have been made by virtue *441 of both executions, notwithstanding the two parcels first sold were sold for more than enough to satisfy the eldest execution, and that the defendant deriving his title under the judgment recorded before the filing of the bill in chancery, was entitled to the verdict of the jury, and so charged the jury to find. After this explicit statement of the question at the circuit upon which the exception was raised, I think the supreme court could not properly consider the facts assumed as not appearing in the case. The question now presented, is, whether the decision thus made by the circuit judge and sustained by the supreme court is correct. The view I have taken of the subject leads me most respectfully to dissent. It will not be questioned that it was the duty of the sheriff to sell the lots separately, nor that, having sold the lots separately, the avails of the sale of the lots first sold must be applied to extinguish the lien of the eldest judgment; nor that, in reference to the right of the defendant and of other judgment creditors to redeem, the sheriff ought so to have returned his executions and made his certificates of sale. All these are rules of law too well settled and understood to require either argument or authority. Had the sheriff thus sold, thus applied the avails, thus returned the executions and made the certificates, if the defendant in the execution or a judgment creditor had desired to redeem the lots first sold, there would have been no difficulty; he would *have known the amount to be paid, and, on paying it, would have been entitled, the one to his certificate of redemption, or the other to his deed, and there would have been an unembarrassed title. But suppose, after this sale of the several pieces of land by virtue of both executions, a judgment creditor had come to redeem the lots thus first sold, how was he to effect that legal purpose 1 What sum must he have paid ? It will be answered that he must have paid only the amount of the first execution. But, I ask, where is the authority for this position 1 If the decision of the supreme court in this case be correct, it is not only a legitimate inference from it, but equally good law, that the subsequent judgment creditor cannot redeem the premises first sold, by paying the amount of the first execution, without also redeeming the residue of "the premises and paying the amount of the other execution ; so that an intermediate judgment creditor, in order to redeem from the sale under the elder judgment, must also redeem from a sale under another judgment junior to his own. If the sheriff’s deed is conclusive in an action of ejectment that the sale was regularly and legally made upon both executions, the transcript filed in the clerk’s office must be equally conclusive as to the right of a judgment creditor to redeem. But it is answered, the judgment creditor is not without remedy; he may apply to the court under whose authority the officer has acted, or to a court of equity. True, but where is the justice or propriety of compelling a third person to resort to those extraordinary remedies, when the sheriff’s deed bears upon its face, as it does in this, the evidence that the recital is not correct in point of fact. It is claiming too much for the effect of the sheriff’s powers, to hold that when he recites his several executions and sales, and it appears that the avails of the premises first sold were sufficient to satisfy the first execution, because he recites that he illegally sold the remaining premises by virtue of the first execution the deed shall be evidence of such a sale as will deprive persons not parties of their rights. It is admitted, on all sides, that the sheriff had no power to make such sale as he has recited; his grant can be valid no farther than it is made in the execution of lawful powers and pursuant to law. I am at a loss how to *defend the doctrine that the sale thus made is to be supported merely because he has recited that he made it by virtue of an authority which did not warrant it, and I see no good reason why the stranger affected *442 by the deed should be sent to equity for relief. On this ground, I am of opinion that the judgment of the supreme court is erroneous.
It is with much reluctance that I have come to the same conclusion in reference to the first exception presented by the record. The general doctrine that parol evidence shall not be received to contradict written contracts, is, as the supreme court say, too well established to require authorities ; and it is true that the doctrine applies with full force to deeds ; but it is also true that it applies only in relation to parties and privies to such deeds and written contracts. The question is fairly put by the supreme court, whether á third person, whose rights are alleged to be affected by a sheriff’s deed, can, in a collateral manner, contradict if, in what is an essential part, by parol evidence. In the case of a deed executed by a person not a public officer, it is evident that the recitals would not be conclusive against strangers ; the elementary writers and all authorities distinctly so assert. Being of opinion that the rule, as adopted in the supreme court and applied in this case, is desirable on the principle of convenience, I have examined the subject with the hope of finding sufficient authority to support it. The-distinction in favor of deeds executed by public officers is not made by statute, and the three cases cited in favor of it, Jackson v. Vanderheyden, Jackson v. Croy, and Jackson v. Steenbergh, are all departures, as it seems to me, from the well settled rule. I believe the sheriff’s deed to be evidence, if on its face the grant appears to have been made in pursuance of competent authority ; of such grant it is evidence, which from the nature of the case cannot be impeached. Of a sale under executions and according to law, if on its face the sale appears to have been legally made, it is prima facie evidence only, while it is no evidence whatever of the existence of the judgment or the execution, both of which must be proved. Should this view of the case be sustained, it will be a proper question for the legislature whether, to promote *the general convenience, they will put sheriff’s deeds upon the same footing as those executed by the comptroller.
On the question being put, Shall this decree be reversed ? the members of the court voted as follows :
In the affirmative—The President, and Senators Cropsey, Edmonds, Gansevoort, Hubbard, Seward, Sudam, Tracy, and Westcott—9.
In the negative—The Chancellor and Senators Armstrong, Beardsley, Conklin, Deitz, Dodge, Edwards, Gere, Griffin, Halsey, and Van Schaick—11.
Whereupon the decreé of the Chancellor was affirmed.