## TIBBETS *vs.* MERRILL.

Where the officer, in his return of the extent of an execution on the land of the debtor, taxed the expenses *in gross*, the levy was held not to be void for that cause.

Parol evidence is not admissible to show that the appraisers, in estimating the value of the land, made deductions on account of a supposed defect of title.

THIS was a writ of entry, brought to recover possession of a lot of land containing about thirty acres.

It appeared, on trial, that the land originally belonged to the demandent, *Moses Tibbets*, and that *Elisha Allen*, under whom the defendant claimed, in *March*, 1830, caused an execution to be extended on the demanded premises and *two other tracts*. The whole was appraised at the sum of $115,36.

The expenses of the levy, $20,36, were indorsed on the execution, *in gross*, no list of items being returned by the officer.

To the two last mentioned tracts, the demandant had no title at the time of *Allen's* levy. And the demandant introduced copies from the record of two prior levies, on, as it was said, the same land, by *John Storer* and others ; in which some of the appraisers appeared to have been the same with those who acted as such in extending *Elisha Allen's* execution.

The deposition of *Francis A. Allen* was also offered, to show that the appraisers, at the time of *Allen's* levy, made deductions in estimating the value of said two lots, on account of the supposed defect of title in *Tibbets*, the question of its admissibility being reserved.

The plaintiff's counsel objected to the sufficiency of the return of the officer, because of the *joint estimate* of value, and because the expenses were *taxed in gross*.

A nonsuit was entered, which was to be set aside, and the cause proceed to trial, if the whole Court should be of opinion that the action could be maintained, otherwise judgment was to be entered for the defendant.

*Holmes*, for the demandant, contended, 1. That, the levy was void because *the items* of the expense of levy were not stated by the officer in his return ; 2. on account of its indefiniteness and uncertainty ; and 3. that the whole evidence should have been submitted to the jury, who should have passed upon the question of fraud. He cited *Goff* v. *Jones*, 6 *Wend.* 522, and *White* v. *Bond*, 16 *Mass.* 400.

*J.* and *E. Shepley*, for the defendant, cited *Sturdivant* v. *Frothingham*, 1 *Fairf.* 100 ; *Atkinson* v. *Bean*, 14 *Mass.* 404 ; *Frost* v. *Stickney*, 5 *Greenl.* 390 ; *Bond* v. *Bond*, 2 *Pick.* 382.

EMERY J. — It is objected that the levy is erroneous, because the expenses are in gross.

The appraisers say, " Which said several tracts of land, we " have, on our oaths, appraised at the sum of one hundred and " fifteen dollars and thirty-six cents and no more ; and we have " set out the said tracts of land by metes and bounds, to the " creditor within mentioned, to satisfy the execution and all fees."

And the deputy sheriff· returns, that those "fees and charges "amount to the sum of twenty dollars and thirty cents," but the particular items amounting to this aggregate are not stated.

The demandant further objects to the levy on account of uncertainty, because there was no title to two of the tracts, in the demandant, at the time of the levy.

There does not appear to be any uncertainty in the description of the tracts. Reference is had to the levies of the executions, *John Storer & others* against *Moses Tibbets*, and *John Storer & others* against *Edward Tibbets*, which were both made on the 11*th* of *March*, 1830. In that against *Moses*, the appraisal is at ninety-nine dollars and eighteen cents; and in that against *Edward Tibbets*, at fifty-five dollars and eleven cents. And, inasmuch as part of the appraisers, on the execution in favor of *Mr. Allen*, made on the 13*th* of *March*, 1830, against *Moses Tibbets* and *Edward Tibbets*, were also appraisers on the two executions in favor of *John Storer & others*, before stated, on the 11*th* of *March*, 1830, it is insisted that sufficient appears from these three levies to justify the demand of putting this case to the jury, on the ground of fraud.

The lands taken on all the executions may have been the same. But neither in the appraisal, nor in the officer's return, is notice taken of incumbrances on account of the supposed title of any body.

And the complaint would seem rather with most propriety to be against the amount, at which the appraisement is made, than any thing else. The only way to correct that is by seasonable redemption. As this was not attempted, if *Allen* did not acquire a title to the two tracts, he alone, it would seem, had cause to complain.

It was said at the bar, in argument, that the nonsuit was entered by consent, without any intimation that it was desired to present the question to the jury, of a fraudulent levy. .

But we do not perceive, upon the facts reported, how that question could rightfully be raised — and we must be guided by the report.

No parol evidence is admissible, of deductions made on ac-

count of dower, or other incumbrance, unless apparent on the appraisement or officer's return. *Barnard* v. *Fisher*, 7 *Mass.* 71.

It is true, that the lands remain the debtor's, unless the creditor has a good title to them by matter of record, and it is therefore to be inferred that parol evidence is inadmissible to uphold a levy. *Ladd* v. *Blunt*, 4 *Mass.* 402.

The omission to give the items of charges for the levy, is not a ground to set it aside: *Sturdivant* v. *Frothingham*, 1 *Fairf.* 100. Even should there be manifestly illegal fees included, the levy would not be void. " For when the sheriff takes for any " of the services mentioned in the statute, any greater fee than is " provided in the statute, he forfeits thirty dollars for every of- " fence." " And when the debtor has redeemed the land, *assump-* " *sit* may be maintained for any excess taken by the officer, beyond " his legal fees. The law thus provides a proper punishment for " the offending officer, and a remedy for the debtor. And there " seems to be no necessity that can render it fit and proper to " hold the extent void on that account, and leave the innocent " creditor to seek redress by an action against the officer: *Burn-ham* v. *Aiken*, 6 *N. H. Rep.* 306. On looking into the return of the officer, on the execution of *Elisha Allen* against *Moses Tibbets* and *Edward Tibbets*, we perceive rather a peculiarity of expression selected by the officer, as to the appointment of one of the appraisers.

He says " *Benjamin Stanley* was chosen by the creditor within " named, *John Hanson* chosen by me, and *Thomas S. Emery* " was chosen by me with the consent of the debtors."

This is not in conformity with the literal phraseology of the statute. That provides, that " the officer to whom the execution " is directed and delivered, shall cause three disinterested and dis- " creet men, being freeholders in the county, one to be chosen by " the creditor or creditors, one by the debtor or debtors whose " land is to be taken, if they see cause, and a third by the officer. " And in case the debtor or debtors shall neglect or refuse to " choose as aforesaid, after being duly notified by the officer, if " the debtor be living in the county in which such land lies, the " officer shall appoint one for such debtor or debtors to be " sworn," &c.

Now it is not in so many words, stated in the return, that the debtors were notified to choose an appraiser, nor that they neglected or refused to choose. It is on those events that the officer may appoint one for such debtor or debtors.

But we cannot, for this cause, consider the levy void. The fact of notice being given, is implied from the circumstance that the officer's choice of an appraiser *was by the consent of the debtors.* And we are inclined to view this as an inartificial return of a choice of the appraiser, by the debtor's confirming the preference of the officer, and shewing that the debtors had an opportunity to choose one. At any rate, as indicating a substantial compliance with the requisition of the statute. For there is *no positive allegation of refusal or neglect to choose one* on the part of the debtors. Their knowing and consenting to the choice must be deemed, in this case, adopting and making it. And this construction, we think, may well be reconciled with the decision in *Eddy petitioner for partition* v. *Knapp,* 2 *Mass.* 154. See 7 *Greenl.* 146 ; *Means & al.* v. *Osgood.*

There is nothing then to impeach the levy, upon the facts reported. As the title to the demanded premises was legally vested in *Elisha Allen,* by the levy, and the demandant never redeemed the land, the Court are of opinion that the action cannot be maintained. The nonsuit is therefore confirmed, and judgment must be entered that the defendant recover his costs.