Rule to show cause why the plaintiff should not take out of court a sum of money brought in by the sheriff as levied from the defendant's property.
The money was levied by a sale of defendant's property on plaintiff's execution, which was issued on the 8th of May, 1841. There was an execution issued at the suit of Thomas Robinson against this defendant, on the 17th of July, 1839, which was levied on the property now sold and then stayed by order of the plaintiff, and alias execution issued regularly to each term, and stayed in the same way.
Cullen, in support of the rule, objected to the application of any part of the money to Robinson's execution, on the ground that his staying the same was a fraud in law, and lost to him the priority of lien; and 2d. That the delay occasioned expense in the keeping of the property levied on, and this did an injury to the subsequent execution creditors. (1 Wils. 44, 4 East Rep. 522-3; 17 Johns. Rep. 273; 15 ib. 428; 11 ib. 109; 7 Cowen's Rep. 560; 4 Mass. Rep. 402; 12 Johns.Rep. 207.)
Ridgely, contra, considered the point as settled in Delaware, by the case of Houston vs. Sutton, (3 Harr.Rep. 37.) There were no circumstances of actual fraud or injury in the case. The expense of keeping the property levied on, being certain slaves, arose entirely from the act of George Hickman, the plaintiff in the present rule.
Rule discharged, the court deciding in accordance with the case *Page 485 
of Janvier vs. Sutton, that the senior execution creditor had not lost the preference of his levy by the mere stay of proceedings.