### BOONE COUNTY vs. JAMES S. LOWRY.

1. An officer cannot contradict the return of a writ made by him. A special return of facts shewing that he has discharged his duty will protect him. But in actions against him he will be confined to the facts stated in his return, and cannot shew another and different state of facts in his defence.

### ERROR to Boone Circuit Court.

TODD AND GORDON *for Plaintiff in error.*

POINTS AND AUTHORITIES.

The plaintiff insists to reverse the judgment:

1. That the officer is estopped by his return, and no evidence can be given by him to shew property levied on by him as debtors property belongs to a stranger. 5 Wend. Rep. 207; 2 J. J. Marshall, 26; 3 Marshall Rep. 412–393; 1 Litt. R. 17; 3 Litt. R. 41; 1 J. J. Marshall, 12; 6 Mass. R. 325; 15 Mass. R. 83; 9 Mass. R. 388; 3 Monroe R. 351; 2 Hen. and Menf. 105; 1 Litt. Rep. 16.

Boone county vs. James S. Lowry.

2. That the interest of a pawnee, pledgor, or one having the general property in goods, can be sold by execution. 2. B. Monroe's Rep. 41; 10 Wend. R. 318; 4 Wend. R. 292; 2 Bacon, 715.

KIRTLEY, *for Defendant in error.*

### POINTS AND AUTHORITIES.

1. The defendant's counsel will insist that the evidence given on defendant's part, was competent and proper.

It was competent and tended to show that the corn never was Burch's. It never had been in his possession. The purchase was conditional and without, and until the purchase money was paid, his right to the corn or even the possession of it, did not vest. Burch, also, as we insist, had a clear right to pledge the boat, and put it into Pettus' possession, and beyond his own control to secure that payment.

The constable could not rightfully divest Pettus of that possession, and certainly none to compel him to part with his own corn, upon other terms than those of his own making. It could not rightly be said the plaintiff was injured, in legal contemplation, because the constable had failed to sell Hunt's or Pettus's property, to pay Burch's debt. In other word's it could be no legal injury to the plaintiff, that the constable did not continue a trespasser, because he began by being one, to the rights of strangers to the execution. Fuller vs. Holden, in 4 Mass. R., 498 –502, decided by Chief Justice Parsons, fully sustains this position. See also statute concerning executions, Revision 1834, § 18 and 43. King vs. Bailey, 1 semi-annual part vol. 8, Mo. R, 332.

2. Upon the basis of the foregoing proposition, the instructions given embrace the law of the case, and those asked by plaintiff's counsel were properly refused.

NAPTON, J., *delivered the opinion of the court.*

This was a suit upon the official bond of Lowry, as constable of Missouri township in Boone county. Several breaches are assigned, and among others, that the defendant levied on certain property of the defendant, but failed and neglected to make sale of the property so taken, according to law.

Upon the trial, the plaintiff proved a judgment against W. S. Burch and R. N. Todd, for debt, damages and costs, an execution issued thereon, and the following return: " Levied this execution on one boat and

load of corn, supposed to be one hundred and thirty or forty barrels of corn, shown to me as the property of W. S. Burch by R. L. Todd, the son of R. N. Todd, this 7th March, 1840, and on the 8th March, 1840, Stephen Pettus became the claimant of the corn and boat, and demanded a jury. I then summoned Stephen Pettus, Sandy Johnson, Thomas Jefferson and Isaac Bledsoe, jr., as a guard to guard said boat and corn, till I could get back with a jury, and when I got back to the place where I left the boat and corn, it was gone, and said guard was gone; this 9th March, 1840. Returned not satisfied. No other goods and chattels found whereon to levy in Missouri township. This 21st April, 1840.

J. S. LOWRY, C. M. T."

The defendant then offered evidence to prove that the boat and corn did not belong to W. S. Burch at the time of the levy. This evidence though objected to, was admitted by the court, and the court instructed the jury that if the property mentioned in the constable's return as levied on, was not, at the time of such levy, the property of Burch, they must find for the defendant. To this instruction, as well as to the admission of the testimony on which it was based, exceptions were taken. The plaintiff submitted to a non-suit, and moved to set it aside, because the court had admitted illegal evidence and had given illegal instructions. The motion being overruled, the case is brought here by appeal.

The only question is, whether the evidence tending to show that the property levied on was not the property of the defendant in the execution, was admissable.

It seems to be conceded as a general and well established rule of law, that the officer cannot contradict his returns. A special return of the facts will always protect the officer, if the facts so returned shew that he has discharged his duty. In the present case the return is a special one, and must be taken to embrace a statement of all the facts upon which he relied for a justification of his official conduct. Is the fact, that the defendant was not the owner of the goods levied on, one of the facts detailed in the return, or can it be inferred from its language? In other words, is it a return of *nulla bona*, or a special return of facts, which amount to a return of *nulla bona?* If so, the officer is clearly not liable. For if he levies on property which he afterwards discovers, either by the verdict of a jury, or by any other sources of information, to be the property of a stranger, the law does not require him to commit a trespass, or to commit a second trespass because he has ignorantly been guilty of the first.

The return of the constable is, that he levied on property shown to

him as the property of the defendant; that the property was claimed by a stranger, and that whilst engaged in summoning a jury to try the right of property, it was rescued from the possession of those to whom he had entrusted it.

Here is a return of a levy, and a levy upon property which appears amply sufficient to satisfy the judgment. This property was believed to be the property of the defendant, and the only reason suggested by the return, for not selling in pursuance of the levy, is the rescue. This execution of the plaintiff is discharged in point of law. Ladd vs. Blunt, 4 Mass. Rep. 402. Bailey vs. French, 2 Pick. R. 586. Suppose the officer, in executing a capias *ad satisfaciendum*, returns a rescue, and in an action for his misconduct, he offers to prove that the defendant was privileged from arrest. The proof offered shows that the plaintiff has not been damnified, any more than the plaintiff in the present action has been injured by the negligence of the officer, in suffering the property levied on, to be rescued. But the return of the arrest has discharged the writ, and the effect of the proof is that there was no arrest. So in the present case, the effect of the evidence offered, is, that there was no levy, for a levy upon the goods of a stranger was illegal. So that at least, in order to let in the evidence given in the court below, we must hold the return to be a virtual return of *nulla bona*.

The case of Fuller vs. Holden, (4 Mass. R. 501,) though differing in many particulars from the present, is, certainly decided on grounds which if tenable, would fully justify the affirmance of this judgment. There may be peculiarities in the statutes of that State, which enabled that court to reconcile that opinion with what they subsequently held in Gardner vs. Hosmer, (6 Mass. R. 317.) In the last mentioned case, the principle is fully recognized, that an officer, in an action against him cannot be permitted to contradict his return. In the first case, the action was on the case for damages alledged to have been sustained by reason of a neglect of duty on the part of the officer, in failing to levy an execution upon property he had previously attached. The officer had returned to the final process, that the property attached had been rescued from his possession, and upon the trial he offered to prove that the property so attached, was in fact the property of the persons who had rescued it. The evidence was rejected by the judge who tried the cause; but the supreme court declared in their opinion, reversing the judgment, that the defendant might prove that he had been guilty of no neglect, and that the proof he offered did show that he was in no default. The question in relation to the propriety of allowing the officer's re-

turn to be contradicted, was not adverted to in the opinion of the court. The court virtually held, that the officer might admit in his return that he had been guilty of a neglect of duty, and still be permitted to show in evidence that in fact he was not guilty of any neglect prejudicial to the plaintiff in the execution. In other words, he was permitted to contradict his return.

The authority of the case of Fuller vs. Holden is very much weakened by the subsequent opinion of the same court in the case of Gardner vs. Hosmer. It is difficult to see why the rule of law adopted in this last case, was not applicable to the facts which existed in both the cases.

Suppose the officer in the case now before this court, had returned that he had levied on certain property of the defendant in the execution, and that before a sale, it had been taken from his possession.— Would the admissibility of the evidence showing that the property belonged to a stranger, be any more objectionable than under the return as it now stands? We think not. The ground assumed by the court of Massachusetts, is, that the defendant may give in evidence facts which show that the plaintiff has not been damnified, and if the property levied on, does not in truth belong to the defendant in the execution, the plaintiff has not been damnified any more where the officer returns his execution as having been levied on the property of the defendant, than when he returns, that he has levied on property *shown* to him as the property of the defendant. The form of the return can make no difference, if the principle of the case of Fuller vs. Holden be a true one, and the liability of the officer is to be settled, not by his return, but by the facts of injury or no injury to the plaintiff in the execution.

But this is not the proper criterion. The officer should make a legal return, or if he prefers a statement of facts, he must state all the facts on which he relies. He cannot be suffered, either on principle of law or sound views of public policy, to put the plaintiff off his guard by a partial return of the facts, inducing a belief that the officer is responsible, and afterwards come in and show another and different state of facts, which had they been stated in the return would have exonerated him from all responsibility.

Judgment reversed and cause remanded.