### John Chamberlin & others *vs.* Lorenzo Ball.

In this commonwealth, a copy of a record of a court, attested by the clerk, though not under the seal of the court, is competent evidence.

Action of tort.   At the trial in the superior court of Suffolk at November term 1858, the defendant offered in evidence what purported to be a copy of the record of the police court of Milford, attested by the clerk of that court, but not under the seal of the court, and without other evidence of its authentication.   *Morton,* J. refused to admit it, because not properly

authenticated; the jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*J. Q. A. Griffin,* for the defendant.

*N. St. J. Green,* for the plaintiff.

BIGELOW, J.   To render a copy of a record of a court in this commonwealth competent evidence in another court within this state, it is not necessary that it should be an exemplified copy under the seal of the court.   The rule is otherwise in many of the United States.   But in Massachusetts it is sufficient if the copy is attested by the clerk.   This rule of evidence is founded on immemorial usage.   It was recognized in the early colonial statutes, and again in the Prov. St. of 14 G. 3, §§ 2, 3, and has been since generally acted on in practice.   Anc. Chart. 182, 685.   *Ladd* v. *Blunt,* 4 Mass. 402.   *Jenkins* v. *Kinsley,* Coleman & Caines, 136.   1 Greenl. Ev. § 501, note.

*Exceptions sustained.*