JOHN KLEINHENZ, APPELLANT, *v.* AUSTIN A. PHELPS AND OTHERS, ADMINISTRATOR, IMPLEADED, ETC., RESPONDENT.

*Judgment — satisfaction of — sale of life estate — termination of such estate before entry of purchaser.*

Where the sheriff sells, under an execution, the only property owned by the judgment debtor, viz., a life estate in certain land, which estate is purchased by the judgment creditor for the amount due him, such purchase operates as a satisfaction of the judgment, even though the judgment debtor die, and his estate terminate, before the purchaser is entitled to enter upon the land.

APPEAL from an order of Monroe Special Term, sustaining a demurrer to the complaint.

The complaint alleged that the plaintiff obtained a judgment against one Zelah Stowell, in his lifetime, and caused an execution to be issued and levied upon the life estate of said Stowell, in certain lands therein mentioned, which was claimed to be the only property of said Stowell subject to execution, and caused said life estate to be sold on said execution, and became the purchaser thereof at the sale for the full amount of his judgment, interest and costs, and accepted and received the sheriff's certificate of sale of said property, and said execution was returned satisfied. Subsequently, and about two months thereafter, said Stowell died,

whereupon the plaintiff brought this action, in the nature of a creditor's bill, praying that the satisfaction of said judgment be set aside and vacated, that said judgment be revived and declared a just and valid debt against the estate of said Stowell; that the said administrators be required to pay the same out of the personal property belonging to said estate, and that in case sufficient personal property could not be found, then that the same be declared a lien upon several pieces of real estate, conveyed by said Stowell, in his lifetime, to the other defendants, reserving to himself the life estate hereinbefore referred to, on the ground that said conveyances were void as to creditors.

To this complaint the defendants, Austin A. Phelps and Harriet N. Stowell, interpose a demurrer, on the ground that same does not state facts sufficient to constitute a cause of action against said defendants, said administrators, and the case having been brought to trial, an order was made sustaining said demurrer, with leave to plaintiff to amend within twenty days, on payment of costs.

*J. C. Chumasero*, for the appellant.

*J. E. Roe*, for the respondents.

GILBERT, J.:

The death of the judgment debtor was a great misfortune to the plaintiff, but that furnishes no ground for relieving him from the legal consequences of his purchase at the execution sale. He got the thing he bought, namely, a right to have the estate of the judgment debtor conveyed to him, at the expiration of fifteen months from the time of the sale thereof, provided the premises sold should not be redeemed from the sale, and in case of redemption, to receive the amount for which the premises were struck down to him, with interest thereon at the rate of ten per cent. A present title in possession was not sold. On the contrary, the statute relating to sales of real estate under execution, provides that the right and title of the person, against whom the execution issued, to any real estate which shall be sold thereby, shall not be divested by such sale, until the expiration of fifteen months from the time of such sale, but if such real estate shall not have been redeemed as therein provided, and a deed shall be executed in pur-

suance of such sale, the grantee in such deed shall be deemed vested with the legal estate from the time of the sale on such execution, for the purpose of maintaining an action for any injury to such real estate. (2 R. S., 373, § 61.) If, at the expiration of fifteen months from the time of sale, the premises have not been redeemed, the purchaser becomes entitled to a conveyance from the sheriff which the same statute declares " shall be valid and effectual to convey all the right, title and interest which was sold by such officer." (Id., § 62.) If, therefore, the judgment debtor had lived, the plaintiff would, by virtue of his purchase, have been entitled to receive either a conveyance of the estate sold, with the effect stated, or the amount of his bid with the interest thereon, which must have been paid as a consideration of redemption. For that right he bid at the execution sale the whole amount of the judgment, and the sheriff, in accordance with his imperative duty, returned the execution satisfied. It was, in fact and in law, satisfied. (*Russell* v. *Allen*, 10 Pai., 254; *Forsyth* v. *Clark*, 3 Wend., 637; *Weaver* v. *Toogood*, 1 Barb., 238.) A purchaser of a life estate, whether at a private sale or a public one on execution, necessarily acquires only an interest terminable by the death of the life tenant. No one can foresee how long such an interest will continue. It may last many years, and so its value may turn out to be far greater than that put upon it when sold. It may end in a day, and so turn out to be wholly valueless. In either case the purchase must be upheld and enforced according to its terms, for the reason that neither seller nor purchaser were deceived respecting the thing actually sold, and the fact that one of them has been disappointed in his expectations, by an event that occurred after the sale, in no sense operates retroactively to limit or impair the legal effect of the transaction. The sale of the estate of the judgment debtor for the full amount of the judgment, in the manner provided by law, operated as a payment and satisfaction of the judgment. The relation of creditor and debtor, which, before the sale, subsisted between the parties, was terminated thereby, or rather, was changed into the new one created by the statute before referred to. It is no answer to say that the benefit of the plaintiff's purchase was cut off by the death of the owner of the life estate which he bought. That result was incident to the nature of the estate purchased. It was a legal estate of free-

hold (1 R. S., 722, § 5), and was a proper subject of sale on execution. (Code, §§ 289, 462.) The uncertainty of the duration of the estate, and its actual termination before the period of enjoyment in possession arrived, therefore, do not affect the validity of the plaintiff's purchase, or render it less binding upon him. He must be presumed to have purchased with reference to that uncertainty, and has no just cause of complaint, either in law or in equity, because the estate, which he purchased with his eyes open, terminated sooner than he expected it would. There having been no unfairness in the sale, he ought in justice to be held to his purchase. The case of *Ladd* v. *Blunt* (4 Mass., 402), we think is no authority for the proposition that, under our statute, a judgment is not satisfied by a sale of lands on execution, until there has been either a redemption of the premises sold, or a conveyance thereof to the purchaser, pursuant to the sale. That was a case where lands had been seized by virtue of process analogous to the English law of extent, and the process had not been fully executed. The lands of the debtor could not be taken, unless by the acceptance of the creditor, to whom seizin had to be delivered, and there was no return by the sheriff of such extent and delivery of seizin. Here the sale had been completed, and the plaintiff acquired all the present rights, together with the future rights depending upon redemption by the judgment debtor or his other creditors, which resulted from the sale. If a third person had made the purchase, the plaintiff would have received the amount of his judgment immediately after the sale, and such purchaser would have been in the same position, in respect to the subject of the purchase, that the plaintiff is now in. The legal effect of the purchase by the plaintiff is the same, so far as the rights of the judgment debtor are concerned, as a payment to him by the sheriff of the amount bid at the sale, upon a purchase by another.

It follows that the judgment having been satisfied, the plaintiff cannot maintain this action.

The order sustaining the demurrer must be affirmed, with costs.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Order affirmed.