Parker, C. J.,
delivered the opinion of the Court. The defect supposed to exist in this plea is, that there is no averment that the execution and the levy were recorded within three months after the levy, in the office of the register of deeds for the county wherein the land is situated ; and the question is, whether, without such averment, the plea amounts to a defence against the action.
Upon looking at the return of the officer, all the proceedings necessary to constitute a good levy according to the statute appear to have been had, except that the same were not entered in the registry of deeds until June, 1810, which was nine months, instead of three, after the levy. It is said by the plaintiff’s counsel that, by this levy, he acquired no title to the estate, because the recording within three months is made essential to the title.
The words of the second section of the statute which directs the issuing, extending, and serving, of executions, (1) after describing the proceedings to be had, are, “ which execution, being returned, with the doings thereon, into the clerk’s office, and if before such return into the clerk’s office, or afterwards, and within three months, the same shall be recorded in the registry of deeds in the county where the land lies, shall make as good a title to such creditor-or creditors, his or their heirs and assigns, as the debtor had therein.” The object of this requisition of recording, as stated by Chief Justice Parsons, in the case of Ladd vs. Blunt, (2) is to prevent frauds; and the recording may be considered analogous, *in its effects, to the recording of deeds and other instruments of conveyance; that subsequent attaching creditors and purchasers may know of the conveyance, (a)
If the judgment creditor does, in fact, record his levy after the expiration of three months, and has entered upon the land, and held the same for a number of years, there would seem to be no good reason for allowing him to abandon the land, and resort to an action on his judgment. Whenever there is an inherent defect in the levy, so that no title has passed, such as an appraisement by *129 those who do not appear to be freeholders, (3) or the omission of the appraisers to go upon the land to set it off, as in the case of Tate, & Al. vs. Anderson, (4) the levy is void, and the creditor may at all times sue the judgment. So if the levy is not made matter of record by returning the same into the clerk’s office, as in Ladd vs. Blunt. But where all has been regular except the timely recording of the levy in the register’s office, and there has been no intervening attachment or levy, or subsequent purchase, but the judgment creditor remains in possession, the levy is not void, but the title is in him against the judgment debtor and his heirs.
The debtor cannot avoid the levy for want of the record, that being not for his benefit, but for the benefit of the public: nor can any creditor or purchaser avoid it, they having knowledge of the former levy; and considering the actual record to have been made more than eight years past, and the possession of the laud by the plaintiff under his levy, it is scarcely possible that he can now be disturbed. He has therefore his satisfaction of so much of the judgment as the land was appraised at, and cannot recover that in the present action.

Defendant’’s plea adjudged good.

 Stat. 1783, c. 57.

 4 Mass. Rep. 402.

 Where there were two assignments of the same lease of premises within the county of Middlesex, and that executed last was registered first, held, that the deed last registered in a court of law must he considered as fraudulent and void, in consequence of 7 Anne, c. 20, § 1, although the party claiming under the second assignment had full knowledge, when it was executed, of the prior execution of the first assignment. Doe vs. Alsopp, 5 B. & A. 142. — So, in M’Neil vs Cahill, 2 Bligh. 228, it was held, that, if two deeds be executed, beaiing different dates, that which is first registered, even with notice of the other deed, has priority both in law and equity, although it be posterior in date and execution.

 14 Mass. Rep. 20

 9 Mass. Rep. 92.