### AARON EAMES versus ELIPHALET WHEELER.

Under *St.* 1808, *c.* 65, enacting that any share of the property of a manufacturing corporation may be alienated by the proprietor thereof by a deed under his hand and seal, acknowledged before a justice of the peace, and recorded by the clerk of the corporation, a transfer by a deed not recorded was *held* to be so far effectual as to render the vendee personally liable to a creditor of the corporation.

REPLEVIN for certain goods taken by the defendant, a deputy sheriff, by virtue of an execution in favor of one *Cutler*, as executor of the will of Aaron Eames, deceased, against the Middlesex Factory Company. This company was incorporated as a manufacturing corporation, in 1811. The goods were taken under *St.* 1808, *c.* 65, on the ground that the plaintiff was a member of the corporation ; and whether he was a member, was the question in controversy.

At the trial, before *Putnam* J., it was proved, that the testator, in 1826, being the owner of seven shares of the property of the corporation, signed, sealed and delivered deeds of two of them, in proper form, to the plaintiff. The deeds were never recorded. The plaintiff, with four others, subscribed a

paper, dated in February 1827, in which they describe themselves as "stockholders and members of the Middlesex Factory Company," requesting the clerk of the corporation to call a meeting of the corporation, on the 6th of March; and at a meeting held on that day, the plaintiff was present and was chosen a member of the standing committee. He voted at that and other meetings of the corporation. By the by-laws, no proprietor could cast more than five votes; and the clerk testified, that both the testator and the plaintiff told him, that the two shares were transferred to enable the seven shares to carry as many votes. He also testified, that he had seen the deeds of the two shares in the plaintiff's possession, and that he thought they were acknowledged before one Johnston, a justice of the peace.

The plaintiff submitted to a nonsuit, subject to the opinion of the whole Court.

*Oct. 17th.*

*Josiah Adams* and *Keith*, for the plaintiff, relied on *St.* 1808, c. 65, § 4, which provides that "any share may be alienated by the proprietor thereof, by a deed under his hand and seal, acknowledged before some justice of the peace, and recorded by the clerk of the corporation in a book to be by him kept for that purpose, and any purchaser named in such deed so recorded shall, on producing the same to the treasurer, and delivering up to him the former certificate, be entitled to a new certificate," &c.

*Hoar* and *J. Keyes*, for the defendant, cited *St.* 1783, c. 37, § 4; *Jackson* v. *Winslow*, 9 Cowen, 13; *Parker* v. *Phillips*, 9 Cowen, 94; *Jackson* v. *West*, 10 Johns. R. 466; *M'Lellan* v. *Whitney*, 15 Mass. R. 137.

WILDE J. drew up the opinion of the Court. The only question submitted to us is, whether the plaintiff was, at the time of the taking of his chattels, a member of the Middlesex Factory Company; and upon the facts proved we are of opinion that he was.

*April term, 1838.*

The facts are, that in 1826 one Aaron Eames, now deceased, being then the owner of seven shares in the corporation, signed, sealed and delivered deeds of two of them, in the proper form, to the plaintiff. These deeds were not recorded in pursuance of the 4th section of *St.* 1808, c. 65, but this

Eames
v.
Wheeler.

omission does not affect the validity of the deed as between the vendor and vendee. The recording of the deed of sale was required principally for the benefit of the corporation, to enable them to know to whom dividends were to be paid, and for other purposes. But the corporation, if a party, could not object to the omission, for it is proved that the plaintiff has been admitted to act as a member of the corporation, and in 1827 he was chosen one of the standing committee for the transaction of the business of the corporation. It is also to be remarked, that the statute, in providing one mode of alienating the shares of the stockholders, does not prohibit any other mode of alienation. In this respect this case differs from that of *The Bank of Utica* v. *Smalley*, 2 Cowen, 770. In the act incorporating the stockholders of that bank, it was enacted, that no transfer should be valid or effectual, until such transfer should be registered in a book or books to be kept for that purpose by the directors. Notwithstanding this prohibitory clause, it was held, that the transfer of bank stock, before it was recorded, was valid as between the vendor and vendee.

In the case of *M'Lellan* v. *Whitney*, 15 Mass. R. 137, it was decided, that an execution duly levied on land of the judgment debtor and possession taken by the creditor, is a satisfaction of the judgment, although the same be not recorded in the registry of deeds within three months, as required by statute. In that case, the transfer was not made in conformity to the requisition of the statute as to the time of recording the execution with the return of the doings thereon, but was afterwards recorded. The principle on which that case was determined is decisive of the present question.

Whether the transfer was fraudulent, as against the corporation or the other stockholders, is a question that does not appear to have been distinctly raised at the trial ; but we think that it was not competent for either party to allege, or rely on, any supposed fraud in the transfer to which he was a party.

*Judgment on nonsuit.*