Wilde, J.
At a former hearing of this cause, (1 Met. 450,) *443 i. was decided that this action could not be maintained for a breach of the covenant of warranty in the deed of conveyance from the defendant to Slater & Tyson, from whom the plaintiffs derive their title as assignees; because, on the facts then reported, it appeared that the defendant was never seized of the premises described in the said deed, and consequently no estate passed thereby, and that the covenant of warranty did not attach to the land and run with it. On the new trial since had, the plaintiffs introduced evidence to prove that the defendant was in fact seized and possessed of the premises, and that his title passed to his said grantees. It was proved that Joseph Rawson, the father of the defendant, claimed the disputed land during his life; that he sold timber, and got timber to build a house for himself, from the same land, and cut hoop poles therefrom. It was also proved that the defendant, after the death of his father in 1811, continued the same claim, under a devise to him ; that in 1827 he sold all the white oak timber on the Tyson lot, including the twenty two acres in dispute ; and that, during all this time, and until the time when he conveyed to Slater & Tyson, no other person had any actual possession of the premises in dispute, or made any claim thereto. It therefore clearly appears, by the evidence, that the defendant, at the time of his conveyance to Slater & Tyson, had the actual possession of the premises, and that he had a valid title against all the world, except the true owner of the Jacobs lot. If any other person had entered on the land in dispute, he might have maintained trespass against him ; or if he had been ousted, he might have maintained a writ of entry.
But the defendant’s counsel contend, that although he had possession of the land in dispute, yet he had not such a possession as would amount to a disseizin of Jacobs, who afterwards entered on the premises and ousted the plaintiffs ; and therefore that the defendant was never actually seized of the land in dispute, and that no title thereto passed by his deed to the grantees; so that the covenant of warranty could not run with the land and pass to their assignees.
It is said by Chief Justice Parsons, (3 Mass. 219,) that 'ca. - *444 though there may be a concurrent possession, there cannot be a concurrent seizin of lands.” However this may be, according to the doctrine of the ancient feudal law, it is not supported by modern decisions, and is not applicable to our tenures, except in a qualified and limited sense. It is true that two adverse parties cannot both be seized of the same land at the same time. But if A. enters on the land of B., without ousting him, or doing some act equivalent to an ouster, he will not thereby acquire a seizin as against B., unless B. elects to consider himself disseized; but A.’s possession would constitute a legal seizin against any one who might enter upon him and oust him without right; and he might maintain a writ of entry against the wrong doer, declaring on his own seizin, and a disseizin by the tenant.
According to the modern authorities, there seems to be no legal difference between the words seizin and possession, al though there is a difference between the words disseizin and dispossession; the former meaning an estate gained by wrong and injury, whereas the latter may be by right or by wrong; the former denoting an ouster of the disseizee, or some act equivalent to it, whereas by the latter no such act is implied. Co. Lit. 153 b. 181 a. 1 Bur. 108, 111. Matheson v. Trot, 1 Leon. 209. Smith v. Burtis, 6 Johns. 217. Lord Coke says seizin signifies, in the common law, possession. Co. Lit. 153 a. Seizin, according to Com. Dig. Seisin, A. 1, imports the having possession of an estate of freehold or inheritance in lands or tenements. See 6 Johns. 206, and cases there cited.
It is not necessary, however, in the present case, to decide the question whether there is any legal distinction between the words seizin and possession; for if the defendant was in possession when he conveyed to Slater & Tyson, claiming to hold the whole land conveyed, he had a good right to convey his title, whatever it was. His estate passed, by his deed, to the grantees, and all his covenants were binding. This principle is fully sustained in the case of Bearce v. Jackson, 4 Mass. 408. The court there say, “ it is very clear that the defendant’s intestate, being in possession claiming a lee simple in the *445 land, was able to convey.” And it was also decided that such a possession and claim constituted a legal seizin. This decision is in conformity with the construction given to the covenants of seizin and right to convey, which have been held to be synonymous, because the same fact, viz., the seizin of the grantor, will support both covenants; and it is very clear that a person in possession of land or other property, claiming a title, may convey it; and his title, whatever it may be, will pass to his grantee. In some cases, however, the covenants of seizin and right to convey do not stand on the same footing; for if a grantor covenants that he is seized in fee, when he has only an estate for years, he would have good right to convey, and his estate would pass to his grantee; so that the covenant of warranty would run with the land, although the covenant of seizin had been broken. So it is universally true, that a party in possession of land, claiming title, may make a legal conveyance, and his title by possession will pass to his grantee. Actual possession of property gives a good title against a stranger having no title.
But it is objected, that the defendant never had any legal possession of the land in question, because, as his possession did not amount to a disseizin, the constructive possession stih continued in Jacobs, who had the legal title. This is true, as between the defendant and Jacobs; for if there is a tortious possession, not amounting to a disseizin, the constructive possession, as between the tortfeasor and the party having the legal title, is considered as continuing in him who has the right. But the tortfeasor may, nevertheless, well maintain an action of trespass or a writ of entry against a stranger without title, for a trespass or a disturbance of his actual possession; and the defendant in such an action cannot defend on the ground that the plaintiff’s possession was the possession of the true owner. A party may have a possession which is legal and valid against one party, and not against another. A tenant at will may maintain trespass against a stranger, although his possession is the constructive possession of his lessor. In an action of trespass quart clausum fregit, the defendant can never plead soil *446 and freehold in a third person, without alleging a license from him; because a party, having actual possession, but not the right of possession, has a good title against a party having none.
In Harker v. Birkbeck, 3 Bur. 1556, the plaintiffs had possession under a third person, by virtue of an agreement not stamped, and which, therefore, conveyed no title; and it was held that the plaintiffs, having possession, might maintain trespass against any one having no right. Upon the same principle, it has been frequently decided, that a mere intruder cannot protect himself in his possession, by setting up an outstanding title in a stranger. On this ground it was held in Jackson v. Harder, 4 Johns. 202, that a person, having had possession of land for eight or ten years, was entitled to recover possession against a mere intruder. And in Jackson v. Hazen, 2 Johns. 22, the plaintiff recovered judgment in ejectment, on a mere possessory title of three years’ continuance, on the ground that a naked prior possession is a sufficient title against a mere intruder. In Lund v. Parker, 3 N. Hamp. 50, Chief Justice Richardson says, “ there is no doubt, that possession of land without title, or color of title, is sufficient evidence of a seizin, in the possessor, to entitle him to hold the land against every person, who can show no better evidence of title.” And this principle is well established in this Commonwealth. In Newhall v. Wheeler, 7 Mass. 189, it was held that actual possession was prima facie evidence of a legal seizin; and that a stranger should not be permitted to control this evidence, by proving the existence of a trust estate. In Cutts v. Spring, 15 Mass. 137, it was decided that a grantee of land from the Commonwealth, who had taken possession of more land than he was entitled to hold under his grant, had a right to maintain trespass against a stranger who entered without right. The court there say, “ it is wholly immaterial to the defendants, whether the location covered more land than the terms of the grant would warrant. The plaintiffs were seized as well as possessed, in regard to every one but the Commonwealth ; who might, or might not, reclaim part of the land located, as not conveyed.” In Cook v. Rider, 16 Pick. 186, it appeared that the plaintiff had *447 no title to the locus, except by entry on a vacant lot, incapable of cultivation, and by driving down stakes around the exterior lines of the lot, and by erecting salt works on a portion of the land. And it was held that the plaintiff had a sufficient possession to maintain trespass against a stranger, who entered without right. But such a possession manifestly was not a disseizin of the true owner. The same principle is laid down in Spurr v. Bartholomew, 2 Met. 485, 486. So in a case de cided in 1838 or, 1839, Jackson v. Worcester Rail Road, (not reported,) it was held that the demandant was entitled to recover the premises on his title by possession, although the possession was not such as would constitute a disseizin of the true owner. After this decision, the tenants, on a motion for a new trial, proved that they had derived a title to a portion of the demanded premises from the true owner, and as to that portion it was finally decided that the demandant had acquired no title by disseizin, and could not maintain his action.
According to these authorities, we think the evidence, which is reported, clearly proves that the defendant had acquired, by possession and occupation, a legal, although not an indefeasible, title to the land in question. He was lawfully seized and possessed of it, against all the world, Jacobs only excepted. His title, therefore, by his grant, passed to his grantees, and from them, by intermediate conveyances, to the plaintiffs, with the covenant of warranty annexed; and for the breach of that covenant the plaintiffs are well entitled to damages. The defendant cannot set up, in defence, a constructive seizin or possession in a stranger. Such a defence has no foundation in law or in justice, and cannot be maintained.

Judgment on the verdict.