## BALCH *versus* PATTEE.

The *time* of the completion of a levy of land, is shown in the return of the officer by the *date* of his acts and doings in relation thereto.

And although he certifies that the levy was completed at a *subsequent date*, when nothing was done or necessary to be done by him to complete it, such certificate is nugatory.

If the execution and levy are not recorded till three months have expired from the time the levy was perfected, the title to the land still vests in the creditor as against the judgment debtor.

Upon the promise of defendant, who cut grass against the plaintiff's will, on a piece of land claimed by him, that if the land was his he would pay for the grass on establishing his title, an action is maintainable.

ON EXCEPTIONS from *Nisi Prius*, RICE, J., presiding.

ASSUMPSIT. The action was to recover pay for certain grass cut by defendant and carried away. The plea was the general issue.

To show that the land on which the grass was cut belonged to him, the plaintiff introduced a levy of an execution in favor of himself against Tobias A. Hall.

By the return of the officer, it appeared, to have been completed, and seizin and possession delivered and accepted

on February 17, 1851. But the officer certified at the bottom of his return that the levy was completed on March 11, 1851. The levy was recorded on June 10, 1851.

The plaintiff introduced evidence tending to show the quantity and value of the hay; that the same was cut by defendant in summer of 1851 and 2; and that he promised to pay plaintiff for the hay, if the place on which it was cut belonged to him; and that defendant had used the principal part of the hay before this suit.

It was proved that defendant said he derived his authority to cut the grass from Mrs. Hall, and he concluded she owned the land; but she claimed nothing under the levy.

On this evidence the Judge directed a nonsuit, and plaintiff excepted.

*Burbank,* in support of the exceptions.

*Thacher, contra,* contended that the nonsuit was rightly ordered; that the levy was self contradictory and void. But if admissible, assumpsit was not the proper form of action. There was no express contract, nor had the grass been converted into money. *Jones* v. *Hood,* 5 Pick. 285; *Boston* v. *Binney,* 11 Pick. 1; *Richardson* v. *Kimball,* 28 Maine, 13.

Furthermore that assumpsit would not lie where there was a conflict of title and estate. *Miller* v. *Miller,* 7 Pick. 133, and Perkins' notes; 14 Mass. 94; *Wyman* v. *Hook,* 2 Greenl. 338.

TENNEY, J. — The plaintiff claims to have been the owner of the land, where the hay was cut and removed by the defendant, by virtue of the levy of an execution in his favor against Tobias A. Hall, which levy seems to have been made perfect on February 17, 1851, and seizin delivered by the officer to the creditor, and acknowledged to have been received by him on the same day, all of which appear upon the back of the execution.

The officer having certified at the bottom of his return, that the levy was completed on March 11, 1851, when noth-

Balch *v.* Pattee.

ing appears to have been done, or was necessary to give any additional effect to the proceedings, must be regarded as nugatory.

The record of the extent, and the execution was made in the office of register of deeds on June 10, 1851, which was more than three months after the levy was effectual. But the extent upon the real estate was not thereby defeated as against the debtor. R. S., c. 94, § § 10, 19, 20 and 21; *McLellan* v. *Whitney,* 15 Mass. 137. No fatal defect appears in the appraisers' or officer's return, or any of the proceedings shown upon the execution, and the debtor's interest in the land vested in the plaintiff, and he became possessed of the same.

The defendant, claiming no right in the land, is in no better situation than the debtor in the execution could have been, under the like circumstances.

Evidence was introduced tending to show, that the defendant cut the hay in the summer of 1851 and 1852, and that he promised the plaintiff to pay therefor, on the condition, that the place on which it was cut was the property of the plaintiff, and that he had used the hay prior to the commencement of this suit. The title of the plaintiff to the land, being shown, and no question, that the hay was cut upon the land covered by the extent, the promise is to be treated as one which was absolute, and the plaintiff was entitled to have the evidence presented to a jury.

*Exceptions sustained, — Nonsuit taken off,*
*and the action to stand for trial.*

SHEPLEY, C. J., and HOWARD, HATHAWAY and APPLETON J. J., concurred.