### BOWNE v. COLT et al.

(Supreme Court, Appellate Division, First Department. February 18, 1916.)

WILLS  ⬡⇒555—ESTATES—CONSTRUCTION—"INTESTATE"—"POSSESSED."

    A testator, who was survived by several children, among them appellant's husband, devised real property in trust, to be divided into as many parts as there should be children who should survive him, or should die before the testator leaving issue surviving. The trustees were directed to pay over the income of the property to each child for life, and upon the death of any child to divide the property among the persons who would be entitled thereto, and in the shares to which they were entitled had such child died possessed thereof after the death of the testator intestate. Code Civ. Proc. § 2768, subd. 1, defines "intestate" as a person who died without leaving a valid will. *Held*, that as the word "possessed," used in the will, is equivalent to "seised," and as the trust estate was not susceptible of division into separate parcels upon the death of the life tenant, the life tenant's widow was entitled to a share in the property under the will equal to statutory dower, even though she had no right of dower, because her husband had no legal estate.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1199–1202, 1204; Dec. Dig. ⬡⇒555.

    For other definitions, see Words and Phrases, First and Second Series, Intestate; Possessed.]

---

Appeal from Special Term, New York County.

Action by Francis D. Bowne against Elizabeth B. Colt and others, impleaded with Jessie D. Bowne. From an interlocutory judgment for partition, Jessie D. Bowne appeals. Judgment modified and affirmed.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and PAGE, JJ.

William E. Carnochan, of New York City, for appellant.
Isaac N. Jacobson, of New York City, for respondent.

PAGE, J. This is an appeal by the defendant Jessie D. Bowne from so much of a judgment of partition and sale as excludes her from any interest in the real property, the subject of the action. The issue determined by that portion of the judgment from which this appeal was taken is the allegation of the complaint that "the defendant Jessie D. Bowne is seised of an estate for life in an equal undivided third part of said premises," which is denied in the answers of the respondents Colt and Jacobson. The facts are not disputed.

Walter Bowne died on October 13, 1877, leaving an estate consisting of personalty and several parcels of real estate. He was survived by several children (among them Robert S. Bowne, the appellant's husband), and left a last will and testament, which was duly admitted to probate, and by which he provided:

"Fourth. All the rest, residue and remainder of my estate, real and personal, I direct my said executors and trustees, and the survivors and survivor of them and his successors to divide into as many parts as shall be the number of my children, who shall survive me, and who shall die before my death, leaving issue me surviving, adding as one my said wife if she shall survive me."

After providing as to the share of the wife and of the issue of each child who shall die before his death, the will continues:

"Third. Each of such remaining equal parts I give, devise and bequeath to my said executors and trustees, the survivors, and survivor of them, and his successors in trust as to each one of such equal parts for one of my surviving children, to enter into and upon the same and take possession thereof, and collect and receive the income, issues and profits thereof, and to pay over the same to my child, in trust for whom such equal part shall be so held, during the period of the natural life of such child, and, upon the death of such child, to divide the same to and among the persons who would be entitled to the same, and in the shares in which they would be so entitled had such child died possessed thereof after my death, intestate."

Some time after the death of Walter Bowne, the trustees under his will brought an action for the partition of his real property, and the allotment of the real and personal property to the several trusts created under the foregoing provisions. The premises which are the subject of this action, were set off and vested in trustees—

"in trust to collect and receive the income, issues and profits thereof and to pay over the same to the said Robert S. Bowne during the period of his natural life, and upon his death to divide the same to and among the persons who would be entitled to the same and in the shares in which they would be entitled had said Robert S. Bowne died possessed thereof after the death of said Walter Bowne, intestate."

Robert S. Bowne died September 20, 1896, and was survived by the appellant and four children, the plaintiff, the respondent Elizabeth B. Colt, Marion S. B. Crosby, and Walter Bowne, 2d. The latter two conveyed their interest in the premises to the plaintiff and the respondent Elizabeth B. Colt. The conveyance made by Walter Bowne, 2d, was expressly "subject to the estate therein of Jessie D. Bowne," and that made by Marion S. B. Crosby, after the covenant against incumbrances, contained the words: "Except the dower right of Jessie D. Bowne." From the death of Robert S. Bowne until the commencement of this action, one-third of the rent of the premises was paid to Jessie D. Bowne. The learned justice at Special Term has construed the word "intestate," at the end of the third subdivision of the residuary clause of the will, as meaning that:

"The guide or test for determining those among whom the shares to be divided is the law of intestacy."

As the widow takes no interest in the real estate under the statute of descent, but by virtue of the law relating to dower, he drew the conclusion that Jessie D. Bowne had no interest in the real property of her husband, Robert S. Bowne. We do not think that the language used by the testator will bear this construction. "The word 'intestate' signifies a person who died without leaving a valid will." Matter of Cameron, 47 App. Div. 120, 123, 62 N. Y. Supp. 187; Code Civ. Proc. § 2768, subd. 1.

In sustaining a will, effect must be given to each word used, if possible. The learned justice at Special Term and the counsel in the case have ignored the word "possessed" in their consideration of the case. In the connection in which the word is here used it is equivalent to seised. While it may not be strictly accurate to say "according to the modern authorities, there seems to be no legal difference between the word seisin and possession" (Slater v. Rawson, 47 Mass. [6 Metc.] 437, 444), yet, when the estate possessed is inheritable, then "possessed" is equivalent to "seised." In the present case the testator in providing for the disposition of the property at the expiration of the life estate instructed his trustees to apply the provisions of law that would have obtained if such child (Robert S. Bowne), instead of having a mere life estate, had "died possessed thereof after my death"—in other words, had an estate of inheritance, which is equivalent to saying "was seised in fee." It is clear, therefore, that the testator's intention was that the property should be divided into such shares and transferred to the same persons as it would have vested by operation of law, had Robert S. Bowne died seised in fee of the premises without having made a will. Had he so died, Jessie D. Bowne would have been entitled to her right of dower in the property. Real Property Law (Consol. Laws, c. 50) § 190.

The respondent contends that the widow could not have any right of dower, because Robert S. Bowne was never seised of the property during coverture. Of course she could not. Durando v. Durando, 23 N. Y. 331, 332. It is entirely competent, however, for the testator to provide that she shall receive an interest in the property equivalent to that which she would have received by law had her husband been

so seised, and that is what he clearly did. Had it been the testator's intention that the property should only have been divided among the issue of the child on the termination of the life estate, he would undoubtedly have used the words he did in the second subdivision of the residuary clause, "to the issue of each such child." In view of the language of the second subdivision, the use of the word "persons" in the provision under consideration is significant.

It is suggested by the respondent's counsel that the use of the word "divide" shows that Walter Bowne could not have contemplated a further life interest in the real estate. In my opinion this conclusion does not follow. In so far as the trust estate consisted of various parcels of real estate, actual division by the trustees could not be made, even among the children. Had it been the testator's intention that a physical division of the property should have been made, in my opinion, he would have given the instructions necessary to effectuate that design, by designating some particular mode of dividing the property. As this real estate was incapable of actual division, even as between the children, power to divide could only be exercised by additional power of sale. In my opinion the entire clause shows that the division related to the estate that is to be taken, and not to the mode of division. See Miller v. Miller, 62 Ky. (1 Dur.) 8. It has been necessary to bring this action to make the division. Actual partition cannot be made; hence the property must be sold and the proceeds divided. It is perfectly competent to admeasure the appellant's interest and pay it out of the fund, in the same manner as would have been done, had Robert S. Bowne died intestate, seised of the property, leaving a widow and children.

The first, second, third, and fourth conclusions of law are reversed. The judgment will be modified, by striking therefrom the findings of fact improperly included therein and making the same to conform to this opinion, and, as so modified, affirmed, with costs to the appellant. Findings and decree to be settled upon notice. Settle order on notice. All concur.

---

BOGART v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Second Department. February 11, 1916.)

COMMERCE ⊚⟶27—"INTERSTATE COMMERCE"—EMPLOYERS' LIABILITY ACT.

A railroad's station agent, also employed by an express company as express agent, who was killed by the road's engine while working for the express company in removing interstate express matter from the tracks to the station, was not doing an act in furtherance of "interstate commerce" in the course of his employment by the railroad to give his administratrix a right of action under the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. 1913, §§ 8657–8665]).

[Ed. Note.—For other cases, see Commerce, Cent. Dig. § 25; Dec. Dig. ⊚⟶27.

For other definitions, see Words and Phrases, First and Second Series, Interstate Commerce.]

---

⊚⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes