### TRUSTEES OF THE STATE LUNATIC HOSPITAL *vs.* INHABITANTS OF THE COUNTY OF WORCESTER.

A jury has authority, under the Rev. Sts. *c.* 24, § 13, to make alterations in a highway that has been located anew by county commissioners.

A possessory title to land, over which a highway is located, is sufficient to entitle the party in possession, who is aggrieved by the doings of the commissioners, to have a jury to determine the matter of his complaint,

THE county commissioners, in 1838, upon the application of the town of Worcester, located anew a certain highway, called Summer Street, in said town, and included therein a strip of land then in the occupation of the Commonwealth, by its agents, the officers of the State Lunatic Hospital. The trustees of said hospital thereupon preferred a petition to said commissioners, that a jury might be summoned and empannelled " to alter so much of the said new location of said highway as lies opposite and adjoining to said lands of said hospital." A jury was accordingly summoned, &c. and returned a verdict making an alteration in said highway, as prayed for by said trustees. This verdict was accepted by the court of common pleas, and the respondents appealed to this court.

The land which was included in the highway, as laid out anew by the commissioners, was within the fence that enclosed the estate conveyed to the Commonwealth by S. B. Thomas, in 1830, for the purpose of erecting thereon a lunatic hospital. By said conveyance, said estate was bounded westerly on Summer Street. Said fence was erected after said conveyance, and not on the site of the fence that was standing at the time of that conveyance.

*Washburn*, for the respondents.

*Merrick*, for the petitioners.

WILDE, J. This case comes before us by appeal from the judgment of the court of common pleas accepting the verdict of a jury, duly summoned by the sheriff of the county, on the application of the petitioners to alter so much of a certain highway in the town of Worcester as was opposite and adjoining to their land. This highway had been located anew by the county

37 *

commissioners, agreeably to the Rev. Sts. *c.* 24, § 9. The jury made the alterations prayed for by the petitioners, and the respondents object to the legality of their proceedings, on two grounds. 1st. Because the jury had no authority to alter the highway as located anew and altered by the county commissioners. 2d. Because the highway, as re-located by the county commissioners, did not pass over or across any of the lands of the petitioners, and the jury therefore had no right to make the alteration upon their prayer or application.

In support of the first objection, it has been argued that a jury summoned and empannelled in pursuance of the Rev. Sts. *c.* 24, § 13, had no authority to make any alteration in an old highway re-located according to the 9th section, by the county commissioners, although the same had been re-located with alterations. But we are of opinion that this is not in accordance with the manifest construction of the 13th section. That section provides that " any party, who shall be aggrieved by the doings of the commissioners, either in laying out, altering or discontinuing any highway, or in the estimation of his damages occasioned thereby, may have a jury to determine the matter of his complaint, &c. provided, that the jury shall not revise the judgment of the commissioners, as to the common convenience and necessity of laying out, or of altering, the way in question ; but they may make any alterations, that may be prayed for, between the termini, as established by the commissioners, so far as the jury shall think such alterations to be necessary and proper." This section applies in express terms to all highways laid out or altered by the commissioners. And as the commissioners, in re-locating the highway in question, made sundry alterations in the former location, the jury, we think, had an undoubted right to revise the judgment of the commissioners, to a limited extent, and to make such alterations between the termini, as they thought necessary or proper.

It has, however, been argued, that if the jury had this right in respect to any alterations made by the commissioners, they had not any right to alter such parts of the highway as were laid out anew in conformity to the original location. If this were a

question as to the right of the jury to *assess damages* in such a case, there would be great weight in the argument.   But we think the right of the jury, as to making reasonable and proper alterations in the highway, is not thus restricted.   The distinction contended for might lead to great difficulty and uncertainty in its application to ancient highways, the original location of which could not be clearly ascertained.   Whether that difficulty exists in the present case, we do not know; for it does not appear with certainty, whether the highway, as re-located by the commissioners, opposite and adjoining the lands of the petitioners, or the alterations by the jury, do or do not conform to the original location.   But if it did appear that the commissioners made no alteration in this part of the highway, still we should be of the opinion that the jury had the right to make the alterations prayed for by the petitioners.   The whole highway had been located anew with certain alterations, and these alterations might render other alterations convenient and beneficial.   A general power is given to a jury to make alterations between the termini of all highways laid out or altered by the county commissioners, with no other restriction but that they shall not revise the judgment of the commissioners as to the common convenience and necessity of laying out or of altering such ways.

We are, therefore, of the opinion that this exception to the verdict of the jury cannot be sustained.

And we are of the same opinion as to the other exception. Whether the petitioners or the Commonwealth have a good and perfect title to the land claimed, we do not undertake to determine ; that depends on the original location of the highway But they have a good possessory title, and that is sufficient to maintain their petition.   Any party aggrieved at the doings of the commissioners may have a jury to determine the matter of his complaint.

The petitioners were in the undisputed possession and occupation of the lands over which the highway was established by the commissioners, and it is very clear that possession alone is sufficient to maintain their petition, and to entitle them to a jury to determine the matter of their complaint.

*Judgment of the court of common pleas affirmed.*