REUBEN HAWKINS *vs.* COUNTY COMMISSIONERS OF BERKSHIRE.

If a petitioner for damages to land sustained by reason of the discontinuance of a highway relies upon title by deed and by possession, and evidence is offered of his possession thereof, and the only evidence of title by deed is of two deeds, one of which conveyed a part of the land in question to two other persons described as trustees of the United Society of Shakers, and the other conveyed the residue to the petitioner and another person, as trustees of the same society, and these deeds are allowed to go to the jury as proper evidence, with instructions that they may decide from the deeds, and from the whole evidence, whether the petitioner is entitled to damages, a verdict for the petitioner assessing damages cannot be sustained.

Possession of land for nine years, under a claim of title in fee, is *prima facie* sufficient to support a petition for damages thereto, sustained by reason of the discontinuance of a highway.

It is not necessary in a petition for damages to land sustained by reason of the discontinuance of a highway, that one who is in possession of the same, claiming title thereto in fee as trustee, should describe himself as a trustee in his petition.

PETITION to the county commissioners of Berkshire county for a jury to assess damages to land of the petitioner, sustained by reason of the discontinuance of a highway. A warrant was duly issued, and the case was tried, Sidney Jones, coroner, presiding,

who, at the request of the respondents, made a report thereof, by which it appeared that, in order "to prove title to the premises in question by the petitioner, it was in evidence that the petitioner, as one of the trustees of the United Society of Shakers in Pittsfield and in Hancock, and as the head of his family, had had the charge and control of the land in question for a number of years. It was objected by the respondents that the petitioner could not recover damages, unless he showed some legal title or interest in said premises, and so the court ruled. The petitioner, to prove his said title or interest, then offered two deeds," which were annexed to the report, " the first from Daniel Stearns to Joseph Wicker and Joseph Patten, in their capacity of trustees of the United Society of Shakers in Hancock and Pittsfield, and the second from Levi Childs to Joseph Patten and Reuben Hawkins, as trustees of the United Society called Shakers. The above deeds cover the land in question, and there was no other evidence of title offered by the petitioner." The coroner ruled, against the objection of the respondents, that these deeds were proper evidence for the jury, and that it was for the jury to say, from these deeds and from the whole evidence in the case, whether the petitioner was entitled to damages, and, if so, to what amount. The jury returned a verdict assessing damages, which, on motion of the respondents, was set aside in the superior court, at June term 1860, by *Rockwell,* J., and the petitioner appealed to this court.

*H. W. Bishop,* for the petitioner.

*S. W. Bowerman,* for the respondents.

METCALF, J. The deed from Stearns to Wicker and Patten, conveying to them, as trustees of the Society of Shakers, a part of the land connected with the discontinued road, without proof (which was not offered) that the petitioner is successor of Wicker and Patten, was clearly incompetent to prove the petitioner's title to that land. And the deed from Childs to the petitioner and Patten of another part of the land, to be held by them as trustees of said society, was evidence only of the petitioner's title to that land, as joint tenant thereof with Patten; no proof being offered that the petitioner has become owner thereof in

severalty. Yet these deeds were received in evidence as proof, and the only proof, of the petitioner's title to both parcels of said lands.

It appears that evidence was given that the petitioner, "as one of the trustees of the Society of Shakers, and as the head of his family, had had the charge and control of the land in question for a number of years." And his counsel contends that his possession of the whole of the lands entitles him to recover damages for the injury caused by the discontinuance of the road connected therewith. However this might be, if he had relied solely on a possessory title, and had satisfactorily proved such title ; yet as he also claimed title by the deeds which were admitted in evidence, and the verdict was found on all the evidence in the case, we cannot know how much credit, if any, the jury gave to the testimony as to possession. The verdict may have been found solely on the wrongly admitted evidence of title, or on that combined with the evidence of possession and control of the lands.

*Judgment, rejecting the verdict, affirmed.*

A new jury was thereupon summoned and a new trial was had, Graham A. Root, sheriff, presiding, who, at the request of the respondents, made a report thereof, by which it appeared that the sheriff ruled that, as the petitioner claimed the title to the land in fee, he was entitled to recover the entire damages thereto caused by the discontinuance of the highway, although he only showed title by possession ; and if the petitioner was in possession, claiming as trustee of the United Society of Shakers, he had a right to recover the entire damages, although in his petition he did not represent himself as such trustee.

S. F. Packer was then called as a witness, and testified that he hired the land in question of the petitioner, and that since April 1, 1858, when he took his lease, he had had nothing to do with any other person than the petitioner in regard to its management. Testimony as to the amount of injury to the land was also introduced.

The respondents called the petitioner as a witness, and he

produced the two deeds before referred to, objecting, however, to their admission as evidence, but the sheriff admitted them; and the petitioner testified that these were the title deeds of the United Society of Shakers, who are divided into several families, each family having a trustee or manager, who transacts all the business of the family; and that he, as trustee or manager of the family to which he belongs, purchased the land in question of the church family nine years since, but no deed was taken, because they never give or take deeds as between themselves, and have no individual property with the exception of their clothing.

Upon this evidence, the respondents asked the sheriff to rule that the petitioner was not entitled to recover damages; but he declined so to rule, and instructed the jury that they must be satisfied that the petitioner had a title either by possession or otherwise. The jury returned a verdict assessing damages, which, on motion of the respondents, was set aside in the superior court, by *Putnam*, J., and the petitioner appealed to this court.

*Bishop & J. Tucker*, for the petitioner.

*Bowerman*, for the respondents.

METCALF, J. We are of opinion that all the sheriff's rulings, to which the respondents excepted, were rightly made, and that the evidence, which he has reported, warranted the jury to find that the petitioner had a good possessory title to the land that was connected with the highway which was discontinued. That such possessory title is sufficient to enable him to maintain a petition for damages sustained by the discontinuance of the highway is not to be denied since the decision of the case of *The State Lunatic Hospital* v. *County Commissioners of Worcester*, 1 Met. 437.

According to the evidence before us, the petitioner is, and has been, for nine years at least, a trustee or manager of one of the families into which the Society of Shakers is divided, and transacts all the business of that family; and he, as such trustee or manager, purchased the land in question, in 1852, of the church family of Shakers, but took no deed, for the reason given

22 *

by him; and demised the land, in April 1858, to a tenant, who has had nothing to do with any other person but him, in regard to the management of the premises.

It has not been intimated by the respondents that any other person has ever made any claim to the damages sought by the petitioner. From the beginning, he alone has claimed the damages, and all others appear to have acquiesced in his proceedings, till it is too late for any of them to obtain damages, if he were to lose his verdict.

At a former trial before a sheriff's jury, during the last year, the petitioner relied, in support of his title to the land and his claim for damages, on certain deeds, and on having had the charge and control of the land as one of the trustees of the Society of Shakers; and he obtained a verdict, which we set aside, because those deeds were not legal evidence to sustain his title and claim, and we could not know that if they had not been received in evidence, the jury would have returned a verdict for him, on his possession alone.

On the last trial, when the petitioner obtained the verdict now before us, he relied solely on his possessory title, and the respondents invoked into the case, for the purpose of disproving his title, the same deeds which he before gave in evidence to prove it. But those deeds proved only that he had, under them, a title to no more than a fractional part of the land; not that he had not a good possessory title to the whole of it.

We do not think it is necessary to the petitioner's right to recover damages, that he should describe himself as trustee. He will be accountable to his *cestuis que trust,* for the damages which he may receive, in the same manner as if he had petitioned in his capacity as trustee.          *Verdict accepted.*