JOHN F. ANDREW vs. NANTASKET BEACH RAILROAD
COMPANY.

Plymouth.   October 21, 1890. — November 26, 1890.

Present: FIELD, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Taking of Land by Railroad — Possessory Title — Adverse Possession.*

Undisputed possession of land under a claim of title for many years is sufficient
to maintain a petition under the Pub. Sts. c. 112, § 95, for the assessment of
damages caused by the taking of the land by a railroad corporation.

At the trial of a petition for the assessment of damages caused by the taking of
land, consisting of beach and upland for a railroad, there was evidence as to
the beach that it had been treated for many years as a part of the petitioner's
estate; that no one else had ever claimed it or damages for the taking thereof;
and that the railroad corporation in its location and plans had always described
it as belonging to the petitioner. The evidence of an adverse occupation of the
upland by the petitioner for twenty years was clear; and no attempt was made
by the respondent to distinguish the beach from the upland. *Held*, that the
jury might properly find an adverse possession of the beach for twenty years.

PETITION by the administrator of the estate of Sarah Jones to
the Superior Court, for a jury to assess the damages caused by
the taking by the respondent of land, consisting of beach and
upland, of the intestate in Hull.

At the trial in the Superior Court, before *Pitman*, J., the judge
refused to instruct the jury, as requested by the respondent, that
the petitioner was not entitled to maintain the petition, and sub-
mitted to the jury the question whether the petitioner had estab-
lished the title of his intestate to the premises, including the
beach, by adverse occupation for twenty years before the taking.

The jury returned a verdict for the petitioner; and the re-
spondent alleged exceptions. The material facts appear in the
opinion.

· *M. Morton, Jr.,*(*R. M. Morse, Jr.* with him,) for the respondent.

*A. French & E. C. Bumpus*, for the petitioner.

DEVENS, J. The respondent requested a ruling that, upon
the evidence offered by the petitioner, which was all there was
in the case, the petitioner was not entitled to maintain this pro-
ceeding. This request was properly refused. The evidence was
plenary that for a considerable number of years the petitioner's

intestate had been in possession of the premises, doing acts herself or through her agents which must be construed as an assertion of title.   The only question which could be debated in relation thereto was whether this adverse occupation had existed for twenty years.   But even if it had not so existed, a possessory title such as unquestionably existed was sufficient to sustain the petition, as the intestate was in undisputed possession and occupation of the land when taken by the respondent for its railroad, and had been so for a considerable number of years.   By the St. of 1874, c. 372, § 63, (Pub. Sts. c. 112, § 95,) the railroad was rendered liable to pay all damages occasioned by the laying out, making, or maintaining its road.   These damages are to be estimated " in the manner provided with reference to the laying out of highways."   In *State Lunatic Hospital* v. *Worcester*, 1 Met. 437, it was held that a possessory title to land over which a highway is located is sufficient to entitle a party in possession to maintain his petition.   In *Hawkins* v. *County Commissioners*, 2 Allen, 254, it was held that possession of land for nine years under a claim of title in fee is *prima facie* sufficient to support a petition for damages thereto, sustained by reason of the discontinuance of a highway.   In *Chandler* v. *Jamaica Pond Aqueduct*, 125 Mass. 544, the petitioner for damages sustained by taking his land for the purposes of an aqueduct corporation, having shown a possessory title, was held entitled to maintain his petition, and evidence that he had only a base fee in part of the land was held inadmissible in reduction of his damages.

While the presiding judge in the case at bar held the petitioner to a more onerous rule than this, and required him to show a title by adverse possession for more than twenty years before the taking, yet the respondent has no ground of complaint, even if the evidence should fall short of this, if it was clearly sufficient to show a present possessory title at that time.   Its own request was properly refused, and all that could be required of the petitioner has been fully proved by uncontroverted evidence.

We are also of opinion, that there was evidence on which a jury might properly have found an adverse occupation of twenty years.   Without undertaking to deal with it in detail, the evidence introduced by the petitioner, that the beach had for many years been treated as a part of the estate of the intestate, that

slight occupation can be had of a beach situated as was this, that no one else had ever claimed either it or damages for its taking, and that the respondent itself in its location and plans had always described it as hers, were all proper to be considered, and justified the finding.   That a part of the land taken was what is termed " bluffs " also appears by the bill of exceptions, and as to this the evidence of an adverse occupation for twenty years was clear.   If it were necessary so to hold, this would be sufficient to sustain the ruling of the court, no attempt having been made by the respondent to have the different parcels of land distinguished.                              *Exceptions overruled.*