## THOMAS HILLIS *vs.* DAVID O'KEEFE.

Middlesex.    January 25, 1905. — September 11, 1905.

Present: KNOWLTON, C. J., MORTON, LORING, & BRALEY, JJ.

*Tax,* Sale, redemption.

One who, claiming to own a certain parcel of land, has been upon it, and has paid a tax on the land assessed to the heirs of a former owner, can be found to be the owner of the land entitled to redeem it from a tax sale within the meaning of St. 1888, c. 390, § 57, now R. L. c. 13, § 58.

In a suit in equity to redeem land from a tax sale under St. 1888, c. 390, § 57, if it appears that one acting for the plaintiff, on the last day of the two years allowed for redemption, offered to pay the defendant whatever was due him and the defendant refused to accept the money, it can be found that this excused the plaintiff from making any actual tender.

MORTON, J.    This is a bill in equity to redeem land from a tax title.    There was a decree for the plaintiff and the case is here on exceptions by the defendant to the refusal to rule as requested, and to rulings that were made.

The statute provides that " The owner of land taken or sold for payment of taxes . . . may, within two years after the taking or sale, redeem the same by paying or tendering " etc. The principal question in the case is whether the plaintiff is an " owner " within the meaning of the statute.    The land consisted of woodland and formerly belonged to one James Rielley deceased.    It was sold on January 17, 1899, to the defendant by the collector for non-payment of taxes.    Notwithstanding the paramount nature of a tax title the statute recognizes that another person may be the owner so as to be entitled to redeem.    See *Lancaster* v. *County Auditor,* 2 Dill. 478.    The plaintiff claims title under a deed from Sarah M. Webster, administratrix of the estate of Prentiss Webster.    The deed recites that " the title of said Prentiss Webster is derived from a deed to said Webster from Martin Byrne ; the said Martin Byrne is believed to be one of the devisees under the will of said James Rielley and one of his heirs at law and the interest of said Webster in said Rielley farm and real estate is computed and estimated to be one undivided sixth part thereof."    The plaintiff testified " that he had

been upon the land after he bought it from Mrs. Webster, walking over it, and had paid taxes assessed to the heirs of James Rielley, but that he had not lived on the land or done anything on it or attempted to lease it for others to use, and had not used it himself." There was testimony tending to show that the defendant also had been in possession, and that taxes had been assessed to him and he had paid them.

The justice ruled as requested by the defendant that the recital in the deed that Martin Byrne was supposed to be one of the heirs or devisees of James Rielley was not competent evidence that he was such heir or devisee, but found as a fact on the testimony of the plaintiff " that he had been on the land and had paid a tax on the land assessed in the name of the heirs of James Rielley, and this gave him a possession sufficient to maintain the bill to redeem," meaning, as we understand the ruling, that he was so in possession as to constitute him an owner within the statute. We think that the ruling was right. The question is not whether the plaintiff has a perfect title or is the true owner; but whether he is owner within the meaning of the statute. He is in, not as a mere trespasser, but under a claim of right by virtue of his deed, though he failed to show that Martin Byrne was an heir of Rielley, and consequently that any title passed by his deed. Possession being the foundation of all title to land and *prima facie* evidence of ownership, he could maintain a writ of entry against one who had no right to possession or who could not show an older or better title. *Sparhawk* v. *Bullard*, 1 Met. 95, 100. *Pettingell* v. *Boynton*, 139 Mass. 244, 249. Pollock & Wright on Possession, 25. He also could maintain a petition to recover damages for the laying out of a way through the land. *State Lunatic Hospital* v. *County of Worcester*, 1 Met. 437. *Hawkins* v. *County Commissioners*, 2 Allen, 254. In *Rogers* v. *Rutter*, 11 Gray, 410, it was held that one in possession under an agreement to purchase could "justly be regarded as the owner of the land, within the meaning of the statute, for the purpose of protecting his interest therein." And in *Dubois* v. *Hepburn*, 10 Pet. 1, 23, where it was held that, under a statute of Pennsylvania which allowed the owner or owners of the land sold to redeem, the husband could redeem in right of his wife as owner, the court said that " Any right which in law or equity

amounts to an ownership in the land, any right of entry upon it, to its possession or enjoyment or any part of it which can be deemed an estate in it makes the person the owner so far as it is necessary to give him the right to redeem." See *Shearer* v. *Woodburn*, 10 Penn. St. 511; *Rice* v. *Nelson*, 27 Iowa, 148; Cooley, Taxation, (2d ed.) 538; Blackwell, Tax Titles, (4th ed.) 421. Whether a deed of quitclaim and release is presumptive evidence of seisin on the part of his grantor (see *Ward* v. *Fuller*, 15 Pick. 185; *Russell* v. *Coffin*, 8 Pick. 143; *Farwell* v. *Rogers*, 99 Mass. 33; *Blethen* v. *Dwinel*, 34 Maine, 133; *Tebbetts* v. *Estes*, 52 Maine, 566; *Gibson* v. *Norway Savings Bank*, 69 Maine, 579) need not be considered in view of the finding, as we interpret it, that the plaintiff is in possession under a claim of right, though the title on which he relies may prove to be invalid, and there is nothing as the case stands to show that the party from whom his grantor derived title had any estate or interest in the land which he could convey.

The defendant further contends that there was no sufficient tender. "The justice found that Mr. Lapierre acting for the plaintiff offered to pay O'Keefe [the defendant] whatever was due him on January 17, 1901, [which was the last day of the two years allowed for redemption,] and O'Keefe refused to accept the money, and this excused any actual tender." The evidence justified this finding and the ruling was clearly right and rendered immaterial the rulings that were requested in regard to the matter of tender. *Dubois* v. *Hepburn*, 10 Pet. 1. *Perry* v. *Lancy*, 179 Mass. 183. *Schayer* v. *Commonwealth Loan Co.* 163 Mass. 322. *Hazard* v. *Loring*, 10 Cush. 267.

The result is that the exceptions must be overruled.

*So ordered.*

*W. O. Childs*, for the defendant.

*J. G. Holt*, for the plaintiff, submitted a brief.