**UNITED STATES of America**
**v.**
**CERTAIN LAND Located IN the COUNTY OF BARNSTABLE, COMMONWEALTH OF MASSACHUSETTS, Susan Enid Gould Fields et al.**

**Civ. A. No. 67–690–M.**

United States District Court,
D. Massachusetts.

March 31, 1970.

Herbert F. Travers, Jr., U. S. Atty., James N. Gabriel, Asst. U. S. Atty., Dept. of Justice, Boston, Mass., for the United States.

Stephen Moulton, Moulton, Looney, Mazzone, Falk & Markham, Boston, Mass., for Certain Land, etc.

## MEMORANDUM

FRANK J. MURRAY, District Judge.

This case came on to be heard on the petition of Susan Fields (petitioner) for determination of certain rights respecting her claim of title to land described in the petition as tracts numbered 31–E–6112 and 31–E–6117. She alleges the tracts of land were taken by the United States for the purpose of creating Cape Cod National Seashore under Act of August 7, 1961, Pub.L. No. 87–126, 75 Stat. 284, that she was sole owner of the land under a deed of conveyance, and has paid the taxes assessed, that the United States made a "LAND PURCHASE OPTION AND CONTRACT" with her for an agreed purchase price of $38,000.00 for the tracts, which is in force and effect, and that there are no other parties claiming an interest in the land.

This petition was filed as an interlocutory proceeding or application in the condemnation case brought by the United States by complaint filed September 12, 1967 to acquire the fee simple title to certain real estate, including the numbered tracts described above. After the filing on September 12 of the declaration of taking and deposit of estimated just compensation for the property taken, this court entered judgment on September 20, 1967 vesting fee simple title in the United States. Notice of the pendency of the condemnation case was given in hand to petitioner, petitioner's husband Herbert Fields, petitioner's father Jackson A. Gould, the Town Treasurer of the Town of Eastham, and the Department of Corporations and Taxation of the Commonwealth of Massachusetts. Notice by publication in the Cape Cod Standard-Times, a newspaper published and having circulation in Barnsta-

ble County "where the property is located", was given on July 8, 15 and 27, 1968, to "Unknown Owners" and to other persons named in the complaint who "cannot be personally served because * * * his place of residence cannot be ascertained * * *." Fed.R.Civ.P. 71A(d) (3) (ii).

No process giving notice of the pendency of this interlocutory petition has issued to any person, no notice by publication was ordered by this court to be given, and no such notice in fact was given. In some manner the United States received notice, and on March 7, 1969 filed a paper styled "Response of the United States". No person appeared at the hearing other than petitioner, who presented evidence to the court, and an Assistant United States Attorney, who represented the United States in its role as *amicus curiae*.

The prayer in the petition is for an order by this court confirming that petitioner "was the true and lawful owner of the said tracts of land [31–E–6112 and 31–E–6117] at the time of the taking by the United States Government". In its response as *amicus curiae* the United States respectfully shows to the [c]ourt:

    *   *   *   *   *   *

That this [c]ourt has jurisdiction to hear and determine the rights and interest of the petitioner under Rules 71A(h), (j) and 42(b) of the Federal Rules of Civil Procedure; Title 28 U. S.C. sec. 1358; and Title 40 U.S.C. sec. 258a. See also United States v. Dunnington, 146 U.S. 338, 350–353 [13 S.Ct. 79, 36 L.Ed. 996] (1892); United States v. Atomic Fuel Coal Company, 383 F.2d 1, 3 (C.A.4, 1967); and United States v. Certain Parcels of Land, etc., 40 F.Supp. 436 (D.Md. 1941). In view of the manner in which title was alleged to have been acquired by petitioner *and the possibility of claims of others against just compensation, the United States joins in the request that title to the property as of the date of taking be adjudicated by this [c]ourt.* (Italics supplied.)

The essential nature of the proceedings upon this interlocutory petition determined from the pleadings is that petitioner and the United States both seek the court's judgment that petitioner and no other person held title to the tracts at the time of the taking. However, in her memorandum of law petitioner states the issue substantially in this manner: "[W]hether [petitioner] has a compensable interest in [the parcels]; * * * and if so, what the value of that interest is".

The statutory procedure for condemnation, 40 U.S.C. section 258a, provides for the acquisition by the United States of "any land or easement or right of way in land for the public use" and requires the declaration of taking to contain a "statement of the estate or interest in said lands taken for said public use". It follows that unless petitioner's title amounts to an estate or interest in the lands taken within the meaning of section 258a she is not entitled to share in the award. If petitioner should be found to have been vested with any such interest, the question is then met whether all other parties who might have been entitled to participate in the fund have any rights which must be recognized in these proceedings. There was evidence of the history of petitioner's title. It is shown that she is grantee in a deed dated April 10, 1958 from one Louis J. Binda recorded in the Registry of Deeds, County of Barnstable, December 4, 1964. On the day of the taking of tracts numbered 31–E–6112 and 31–E–6117 petitioner was the record title holder under that deed. Binda, petitioner's grantor, was grantee in a deed dated April 10, 1958 from one Jerry Capone, recorded April 23, 1958 with Barnstable deeds. But there is no showing of any conveyance of the tracts to Capone, and no deed of record to Capone as grantee. The deed from Capone to Binda was prepared and later recorded by petitioner's father when he discovered that the Selectmen and Assessors of the Town of Eastham were showing the tracts, mainly marshland and flats, on their records as being

of "Owners Unknown". Binda and Capone were straws for petitioner's father. There was hunting on the tracts afterwards by petitioner's relatives at petitioner's suggestion, and there were visits by petitioner to the land. Taxes assessed to Binda after his deed was recorded were paid by petitioner's father, who also redeemed a tax title acquired by the town for non-payment of taxes for the years 1963 through 1967. All that petitioner shows as her interest and estate in the tracts are acts of possession from 1958 under a claim of right by virtue of the deed from Binda, and payment of the taxes assssed for the years 1958 through 1967.

Although possession is the "foundation of all title to land and prima facie evidence of ownership", Hillis v. O'Keefe, 189 Mass. 139, 140, 75 N.E. 147, 148 (1905), a possessory title under Massachusetts law is not good against one having an older or better title, e. g., Morrison v. Holder, 214 Mass. 366, 101 N.E. 1067 (1913); Slater v. Rawson, 47 Mass. (6 Met.) 439 (1843). It is not as good as a title acquired by adverse possession; it is, however, that interest in land which ripens into title by adverse possession by lapse of time, Leavitt v. Elkin, 314 Mass. 396, 49 N.E.2d 1020 (1943); McDonough v. Everett, 237 Mass. 378, 129 N.E. 681 (1921). On the other hand, a possessory title has been held a sufficient interest in land to give the possessor standing to recover damages or other relief when the land or part thereof, is taken by public authority, e. g. Hawkins v. County Commissioners of Berkshire, 84 Mass. (2 Allen) 254 (1861); State Lunatic Hospital v. County of Worcester, 42 Mass. (1 Met.) 437 (1840). In Nichols on Eminent Domain (3rd ed. 1963), recognition of this rule of law is stated, with ample citations of authority, in section 5.2[3] at page 28:

> It is * * * quite generally the law that, in condemnation proceedings under authority of law, proof of possession under claim of title will be treated as *prima facie* evidence of ownership in fee, and will be sufficient to entitle the person in such possession to receive the compensation awarded for the land, if no one showing a better title lays claim to it.

The possessory title of petitioner, though not a perfect title and, perhaps, not a marketable title, is a sufficient interest and estate in the land under 40 U.S.C. section 258a prima facie to entitle her to an award of compensation. The question remains, however, whether she is entitled to an order of the court awarding her compensation. There are no other claimants before the court seeking the award. No one has appeared to oppose petitioner's claim. The notice by publication in the Cape Cod Standard-Times complied with the requirements of Fed.R.Civ.P. 71A(d) (3) (ii). Notice in such manner fulfills the requirements of due process of law as affording appropriate and reasonable opportunity to all persons having any interest in the land to appear and be heard in their own behalf (*see* Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); Standard Oil Co. v. New Jersey, 341 U.S. 428, 71 S.Ct. 822, 95 L.Ed. 1078 (1951)), and satisfies the Fifth Amendment guaranty of just compensation for the taking of private property. *Compare* Phillips v. United States, 151 F.2d 645 (7th Cir. 1945), *with* United States v. Certain Parcels of Land, 339 F.2d 414 (3rd Cir. 1964). Thus it is shown that the United States, as condemnor, has fulfilled all of the statutory requirements laid down for ascertaining and giving notice to all persons in whom the right to compensation by reason of the taking has vested. This court has neither the duty nor the resources of its own to conduct an investigation to determine who is entitled to the fund deposited in its registry. United States v. Certain Parcels of Land, 40 F.Supp. 436 (D. Md.1941). It can deal only with the proceedings including the evidence in the case before it.

Viewing the nature of the relief requested by petitioner joined in by the *amicus curiae,* neither the rules nor statutes nor decided cases brought to the

court's attention, and nothing disclosed by the court's own research, lend support to petitioner's prayer for a decree that she was the true and lawful owner of the tracts and no other person held title thereto at the time of the taking. These proceedings are in rem, *e. g.*, Duckett & Co. v. United States, 266 U.S. 149, 45 S. Ct. 38, 69 L.Ed. 216 (1924), and the relief, if any, to be awarded the petitioner must be directed to the fund in the registry of the court (*see* Hardison v. McCreary, 304 F.2d 699 (5th Cir. 1962); National Refining Co. v. United States, 160 F.2d 951 (8th Cir. 1947)), even though she has not demanded such relief in her pleadings. Fed.R.Civ.P. 54(c). Under 40 U.S.C. section 258a "[u]pon the application of [a party] in interest, the court may order that the money deposited in the court, or any part thereof, be paid forthwith for or on account of the just compensation to be awarded in said proceeding". Upon this record, petitioner, as the sole claimant of the fund in the undisputed amount of $38,000.00, has shown sufficient estate and interest in the land taken to entitle her to an order awarding her payment of said amount. Accordingly, the petitioner shall have judgment.